454 A.2d 513

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Appellant,**

v.

**Irwin L. EISENBERG, Appellee.**

**No. 81-2-270.**

Supreme Court of Pennsylvania.

Argued May 18, 1982.

Decided Nov. 29, 1982.

Reargument Denied Feb. 8, 1983.

Bruce G. Baron, Asst. Counsel, Dept. of Public Welfare, Harrisburg, for appellant.

Gilbert B. Abramson, Philip L. Blackman, Philadelphia, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

This is an appeal of a Commonwealth Court order vacating the suspension of appellee by the Department of Public

Welfare ("Department") and enjoining the Department from further action against him pending a hearing on the merits of this matter. The Department brings this direct appeal and we now reverse.[1]

Appellee, Irwin L. Eisenberg, D.O., was a participating provider in the Pennsylvania Medical Assistance Program ("Program") operating under the Public Welfare Code.[2] On September 30, 1980, the Department, by means of a letter, suspended appellee from further participation in the Program for a three year period, advising him of his right to appeal before the Hearing and Appeals Unit of the Department ("Appeals Unit").[3] Appellee initiated the appropriate administrative proceedings before the Appeals Unit, stipulating as to all issues concerning the merits of the case to be raised at the hearing. These issues did not include any constitutional challenge by appellee of the Department's right to suspend him from participation in the Program. Before the hearing on appellee's suspension took place, however, appellee filed an application for special relief with Commonwealth Court raising a constitutional challenge to the Department's action. As a result of the action in Commonwealth Court, further proceedings before the Appeals Unit were suspended and the record indicates that no hearing on the merits has been held.

The Commonwealth Court concluded that the termination of appellee's participation in the Program was an adjudica-

1. Jurisdiction is vested in this Court pursuant to the Judicial Code. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 723.

2. Act of April 9, 1929, P.L. 177, No. 23, § 2305.1, 62 P.S. § 201 et seq.

3. Appellee's suspension was based on allegations of inadequate documentation and billing for unnecessary medical services. The Department's letter of September 30, 1980 read, in pertinent part, as follows:

You may contest the Department's decision by requesting a hearing pursuant to the Administrative Law Act of June 4, 1945, P.L. 1388, as amended.

See Act of June 4, 1945, P.L. 1388, No. 442, § 2, 2 Pa.C.S.A. § 101 et seq. (setting forth the mechanism for appeal from an administrative order).

tion within the meaning of the Administrative Agency Law,[4] and, therefore, that appellee was entitled to a hearing prior to his termination. The lower court viewed the application for special relief as addressed to its equitable powers and enjoined the Department from further action against appellee. *Commonwealth v. Eisenberg,* No. 1473 C.D.1981 (Commonwealth Court, filed July 18, 1981) (mem. opinion).

In challenging the Commonwealth Court's order, the Department raises two issues for our review: 1) whether the court below lacked the power to grant injunctive relief and 2) whether the Commonwealth Court erred in concluding that appellee was entitled to a pre-termination hearing under applicable administrative agency law.

The Commonwealth Court's order is an exercise of equitable jurisdiction which imposes an injunction on the Department.[5] Therefore, the standards set forth in *Sameric Corp. of Market Street v. Goss,* 448 Pa. 497, 295 A.2d 277 (1972), must be met.[6]

---

**4.** Act of April 28, 1978, P.L. 202, No. 53, § 5, 2 Pa.C.S.A. § 101 *et seq.*

**5.** Appellee attempts to obviate the standards for injunctive relief, which he fails to meet, by arguing that his petition for review before Commonwealth Court was not a prayer for an injunction but, instead, sought a writ of prohibition, which is a legal remedy imposed when an administrative agency acts outside the scope of its authority. *See Borough of Akron v. Public Utility Commission,* 453 Pa. 554, 310 A.2d 271 (1973), *overruled on other grounds, Western Pennsylvania Water Company v. Pennsylvania Public Utility Commission,* 471 Pa. 347, 370 A.2d 337 (1977).

We must reject this argument. Appellee's petition for special relief and review before the court below contained all the averments necessary in a request for injunctive relief. Consequently, the court viewed the petition as directed to its equitable powers and issued an order vacating the Department's suspension of September 30, 1980 and enjoining it from further action against appellee. By definition, this order, in view of both its effect and the content of the pleadings upon which it was based, was an exercise of injunctive relief. *See* 42 Am.Jur.2d 727. Injunctions are distinctly equitable remedies which allow a court to exercise a broad range of powers, including, as in the instant matter, interpreting a disputed statute. *See* Am.Jur.2d 727, 728, and 746. Appellee's argument that he was not seeking injunctive relief before Commonwealth Court is thus meritless.

**6.** These standards are as follows:

We are in agreement with the Department that these requirements have not been satisfied by appellee. Injunctive relief, therefore, should not have been granted by the court below. Where injunctive relief is sought, our initial focus should be on the threshold question regarding whether equity jurisdiction is appropriate. That equity will not intervene where there is available an adequate statutorily prescribed remedy at law, is a principle well established in this Commonwealth. *Cannonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980); *DeLuca v. Buckeye Coal Co.,* 463 Pa. 513, 345 A.2d 637 (1975); *Penn Galvanizing Co. v. Philadelphia,* 388 Pa. 370, 130 A.2d 511 (1957).

In the instant case appellee had available legal means of redress which he did not fully pursue before resorting to equitable jurisdiction. One statutory remedy available to appellee was explained in the Department's controversial letter of September 30, 1980. The letter informed appellee that he had a right of appeal before the Hearing and Appeals Unit of the Department of Public Welfare.[7] Appellee failed to fully pursue this remedy.[8] Consequently, he

1) Immediate harm not compensable by damages must be shown;
2) Failure to impose the injunction must result in greater harm than would occur if the relief were granted;
3) A clear right to the relief must be demonstrated
*See Sameric Corp. of Market Street v. Goss,* 448 Pa. 497, 295 A.2d 277 (1972).

7. Appellee, in order to avail himself of his administrative remedies, should have followed the procedures set forth in the Administrative Agency Law, 2 Pa.C.S.A. §§ 501–08 (providing for appeal of administrative rulings).

Appellee also could have sought money damages in connection with his contract with the Commonwealth through an action brought under the Act of May 20, 1937, P.L. 728, No. 193, § 1, *as amended,* 72 Pa.C.S.A. § 4651 *et seq.,* which confers exclusive jurisdiction over matters involving contracts with the Commonwealth on the Board of Arbitration of Claims, now the Board of Claims.

8. Appellee ceased pursuit of the available administrative remedy before the Appeals Unit under 2 Pa.C.S.A. § 101 *et seq.,* and filed an action in Commonwealth Court raising, for the first time, a constitutional challenge of the Department's power to suspend him prior to a hearing.

could not validly seek before the Commonwealth Court the imposition of equitable jurisdiction. *See Deluca; Cannonsburg General Hospital.*

Nevertheless, the Commonwealth Court exercised equitable jurisdiction and imposed an injunction before appellee fully utilized the available legal remedies. Appellee argues that this was proper because he had raised a constitutional due process challenge to the Department's action of suspending him prior to a hearing. Administrative agencies, appellee argues, are without power to resolve such constitutional questions. *See Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974). Therefore, appellee concludes, equitable relief was proper since the available legal remedies did not provide relief for a due process violation.

If we were to accept this argument, it would be a simple matter for any litigant to avoid the rulings of an administrative agency merely by challenging its authority on a constitutional basis. It is precisely in an effort to avoid this problem, that we have consistently held that equity will not intervene where a statutorily prescribed remedy at law is available without a clear showing that the remedy was inadequate.[9]

**9.** Appellee raises only a constitutional question in support of his inadequacy argument. There was no separate allegation that the available statutory remedy is inadequate. This is not enough. In *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974), we held as follows:

The additional element required to confer equitable jurisdiction is either the absence of a statutorily prescribed remedy or, if such a remedy exists, then a showing of its inadequacy under the circumstances.

459 Pa. at 276, 328 A.2d at 823.

Appellee is seeking reinstatement in the Program and yet he does not allege that the Appeals Unit lacks the power to lift his suspension by the Department. Furthermore, in view of the fact that appellee strenuously asserts that he has valid defenses against these charges, we are left to wonder why he sought an injunction before his statutory hearing under 2 Pa.C.S.A. § 101 *et seq.* was held. Assuming that the Appeals Unit had the power to reinstate appellee and accepting the notion that appellee possessed valid defenses, we must conclude that appellee saw advantage in thwarting the administrative process by resorting to equity in Commonwealth Court, and

In the instant matter, we do not decide the merits of appellee's constitutional argument. Rather we refuse to allow equity to intervene where available statutory remedies have not been exhausted and where there is a lack of sufficient challenge to the adequacy of these remedies. The administrative process should not be weakened by unpredictable judicial intrusions in the absence of those circumstances which this Court has indicated are necessary prerequisites to such interference. *See Sameric.* The court below, therefore, was without power to exercise equitable jurisdiction or impose injunctive relief.

Because we have answered in the negative the threshold question as to whether the court below had the power to exercise equitable jurisdiction, we need not address the merits of appellant's second contention which challenges the Commonwealth Court's interpretation of Sections 101 and 504 of the Administrative Agency Law.

Moreover, our conclusion would be no different if we were to decide, as did the Commonwealth Court, that the equitable powers of that court were properly invoked. Assuming that the termination of appellee's participation in the Program constituted an adjudication within the meaning of Section 504 of the Administrative Agency Law,[10] we are compelled to conclude, contrary to the holding of the Commonwealth Court, that no pre-termination hearing is required.

As we stated recently in a case raising the same issue:

disadvantage in pursuing a hearing before the Appeals Unit, in accordance with the legal remedy provided by statute. Whatever may be appellee's reasons for this choice, they do not offer adequate justification for judicial interference with the administrative process.

**10.** Section 504 of the Administrative Agency Law provides as follows:

No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

2 Pa.C.S.A. § 504.

This due process right has been met by a full administrative hearing accorded to appellees before the Hearing and Appeals Unit of [the Department].

... Due Process does not require that appellees [be] afforded a *pre-termination hearing*. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See also, Pennsylvania Coal Mining Ass'n v. Insurance Dep't.,* 471 Pa. 437, 370 A.2d 685 (1977).

*Commonwealth v. Forbes Health System,* 492 Pa. 77, 90, 422 A.2d 480, 486 (1980) (emphasis supplied). *See also, Philadelphia School District v. Twer,* 498 Pa. 429, 442, 447 A.2d 222, 227 (1982). The procedures provided in the Administrative Agency Law comport with the requirements of due process.

Accordingly, the order of the Commonwealth Court is reversed.

ROBERTS, J., files a concurring opinion in which O'BRIEN, C.J., and LARSEN, FLAHERTY and HUTCHINSON, JJ., join.

FLAHERTY, J., files a concurring opinion in which HUTCHINSON, J., joins.

ROBERTS, Justice, concurring.

The injunction must be set aside, not because the Commonwealth Court lacked jurisdiction, but because appellee has failed to demonstrate any constitutional or statutory infirmities with respect to the administrative remedies available to contest his suspension. Accordingly, I concur in the judgment only.

The opinion of Mr. Justice McDermott states the issue in this case to be "whether the court below lacked the power to grant injunctive relief." At 514. The opinion concludes that, because the Department of Public Welfare provides a procedure through which appellee ultimately could have had his suspension lifted, his failure to exhaust available administrative remedies precluded the Commonwealth Court from entertaining challenges to the validity of those remedies.

██ Although courts should not prematurely interfere with ongoing administrative proceedings or excuse an unjustified failure to pursue them, see *Canonsburg General Hospital v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980), the mere fact that some administrative remedy is available does not deprive a court of the power to entertain claims challenging an agency's failure to afford a constitutionally or statutorily required remedy. The availability of the administrative remedy bears only on the appropriateness of granting the relief requested.

In his application for relief filed with the Commonwealth Court, appellee alleged that his suspension without a prior hearing denied him due process and violated statutory provisions relating to the practice and procedure of Commonwealth agencies, particularly the Administrative Agency Law, 2 Pa.C.S. § 504. Appellee has failed to meet his burden of establishing either allegation.

██ Appellee's due process allegation is clearly foreclosed by this Court's decision in *Commonwealth v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980), in which this Court held that due process does not require that physician-providers be afforded pretermination hearings. "[D]ue process [is] met by full administrative hearings accorded appellees before the Hearings and Appeals Unit of DPW." 492 Pa. at 90, 422 A.2d at 486. Appellee's statutory argument is equally without merit. Section 504 of the Administrative Agency Law states: "No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." As the statutory definition of "adjudication" makes clear, see 2 Pa.C.S. § 101, section 504 does not affect the authority of an administrative agency to take preliminary action with respect to persons within the agency's jurisdiction. Section 504 merely provides that a party subjected to such action is entitled to reasonable notice and an opportunity to be heard on the permissibility of the action taken. See *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981).

Thus, although the Commonwealth Court had jurisdiction to entertain appellee's claim, the issuance of the injunction was improper because appellee failed to establish his entitlement to relief.

O'BRIEN, C.J., and LARSEN, FLAHERTY and HUTCHINSON, JJ., join this concurring opinion.

FLAHERTY, Justice, concurring.

I concur in the result reached by Mr. Justice McDermott, and his reasoning insofar as it denies appellee resort to equitable relief under the circumstance where appellee has not exhausted available statutory remedies, which, at least in the first instance, were not shown to be inadequate to remedy the underlying harm suffered, to wit, termination of appellee's participation in the Pennsylvania Medical Assistance Program. In a proper case, however, in which due process is at stake and in which there is an inadequacy of the statutory remedy, equity would *certainly* have jurisdiction to intervene.

HUTCHINSON, J., joins.