Murray Barsky, D.P.M., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 10, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*Philip L. Blackman,* with him *Gilbert B. Abramson, Abramson, Freedman & Blackman,* for petitioner.

*Joel M. Ressler,* Deputy Attorney General, with him *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, August 17, 1983:

Preliminary objections have been filed by the Department of Public Welfare (DPW) to an Amended Petition for Review wherein Murray Barsky, D.P.M., is the Petitioner. The petition recites that this Court has jurisdiction of the matter by virtue of the provisions of 42 Pa. C. S. §761, which sets forth our "original jurisdiction", 42 Pa. C. S. §763, which sets forth our "appellate jurisdiction" and 42 Pa. C. S. §§7531-7541 which is the Declaratory Judgments Act (DJA). DPW's objections are in the nature of a petition raising a question of jurisdiction and a demurrer.

The petition sets forth that the Petitioner is a podiatrist whose Medical Provider Agreement (Agreement) with the DPW under the Pennsylvania Medical Assistance Program (Program) was terminated as of March 9, 1983 by a letter from DPW which advised the Petitioner of his right to appeal the termination and his right to a hearing if an appeal was filed. Petitioner filed a timely appeal according to the instructions of DPW on March 9, 1983.[1]

Petitioner further alleges that his constitutional rights have been offended by DPW's action because it is likely that no adjudication will be rendered before December, 1983, that there is an improper commingling of adjudicatory and prosecutorial functions by DPW, that DPW has indicated that it cannot rule on

---

[1] Petitioner's original Petition for Review was filed with this Court March 10, 1983.

due process matters nor can it issue subpoenas, that Petitioner cannot obtain a fair administrative remedy, that Petitioner's equal protection rights are offended because DPW has issued different termination orders in other cases, that Petitioner is entitled to a pre-termination hearing, that Petitioner's administrative remedy is inadequate, that the Agreement is unenforceable because it contains adhesion contracts and that DPW's action has caused Petitioner irreparable harm.

Petitioner requests that we enter an order which would prohibit DPW from suspending the Petitioner, declare that the procedures instituted by DPW violate Petitioner's due process rights, order a pre-termination hearing, declare that Petitioner's rights to participate in the program are governed by administrative agency law and declare that the Agreement is illegal, null and void.[2]

At the outset we note the obvious: preliminary objections may not be filed to an appeal. Our review of the petition before us clearly indicates, however, that there is no final order to substantiate the appeal. Therefore, the DPW letter is not an adjudication. 2 Pa. C. S. §101. The appellate aspect of the petition, therefore, must be dismissed. Since there is no motion before us to dismiss the appeal, we will dismiss it sua sponte because the matter is jurisdictional.

Next, we observe that the preliminary objections before us challenge the sufficiency of the petition.

---

[2] It is quite apparent that a determination of the merits of the preliminary objections to a multi-faceted petition such as this requires considerable judicial energy and raises the question of whether the Appellate Rules of Procedure should be re-examined in light of this Court's experience with preliminary objections to petitions combining allegations relating to both our appellate and original jurisdiction with no formal requirements as to how such matters shall be pled.

The petition will either stand or fall based on the factual allegations therein and the fair inferences therefrom. *Pennsylvania Association of State Mental Hospital Physicians v. Commonwealth,* 63 Pa. Commonwealth Ct. 307, 437 A.2d 1297 (1981). Counsel for both litigants have attempted to support their respective positions by exhibits attached to their briefs. We will dispose of the objections without consideration of those non-record matters.

Something as fundamental as jurisdiction should be crystal clear at this point in our jurisprudence; yet, the courts constantly wrestle with the problem. This case is no exception. Both parties cite *Department of Public Welfare v. Eisenberg,* Pa. , 454 A.2d 513 (1982). The Petitioner argues that that case is support for this Court's jurisdiction here while DPW argues that the case indicates that we have no jurisdiction.

As we have noted, the posture of the instant case is that Petitioner has filed both an administrative appeal with DPW and this petition for review. DPW argues that until the administrative process is complete, the Commonwealth Court has no jurisdiction in the matter.

In *Eisenberg,* a provider under the Program was suspended by a notice similar to the one sent to Petitioner. An administrative appeal was filed with DPW. Before the administrative hearing occurred, the provider filed suit in our Court raising a constitutional challenge to DPW's action. We concluded,[3] in the exercise of our equitable jurisdiction, that the termination letter was an adjudication which was not valid because the provider had not been given a pretermination hearing. The petitioner there, as here,

---

[3] A memorandum opinion and order was filed July 28, 1981 to No. 1473 C.D. 1981.

argued that his constitutional issues took the case out of the administrative agency appeal process. Our Supreme Court unanimously agreed that we erred in granting petitioner equitable relief, but the members of the Court differed in their reasoning. Two members of the Court held that the availability of the administrative appeal precluded equitable intervention; hence, this Court had no jurisdiction. In a concurring opinion, five members of the Court held that the mere availability of an administrative remedy does not deprive a court of the power to adjudicate constitutional challenges to the agency's proffered remedy. Their conclusion was that this Court had *jurisdiction* because petitioner failed to establish his entitlement to relief, it was improper for us to issue an injunction.

In *Borough of Greentree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974) our Supreme Court addressed the issue of when a court of equity has jurisdiction to decide a constitutional challenge where a statutory remedy is available. Again, although a majority of the Court agreed upon the result, there were differing views as to how that result should be reached.

It seems clear from our review of *Eisenberg* and *Greentree* that the mere assertion of a constitutional challenge does not necessarily mandate equitable intervention; nor does the mere existence of an administrative remedy necessarily exclude equitable intervention. The crucial test seems to be two-fold: 1) the nature of the constitutional challenge, *i.e.,* is it something the administrative agency can resolve or does the challenge go to the very essence of the agency's ability to act and 2) is the administrative remedy adequate, *i.e.,* will the agency be able to resolve the issue and provide the remedy the claimant seeks?

In the instant case, we do not believe that either the due process or equal protection challenges are suf-

ficient to warrant equitable intervention. Certainly the due process claims would not warrant such intervention because the pre-termination issue has been resolved against Petitioner in *Eisenberg* and the allegedly fatal procedural events have not yet occurred. When and if they do occur, they will be addressed on appeal.

We believe the equal protection challenge, likewise, must be deferred. Petitioner's challenge does not go to the essence of DPW's ability to act and Petitioner has not alleged that the administrative remedy would be inadequate. We believe, therefore, that it would be premature for us to rule on Petitioner's equal protection challenge.

Turning now to our jurisdiction under the DJA we note that we must exercise such jurisdiction unless the proceeding is within the exclusive jurisdiction of a tribunal other than a court. 42 Pa. C. S. §7541(c). Here, substantially the same analysis must be made as that required for the exercise of equitable jurisdiction. The ultimate issue to be resolved in this case is whether Petitioner violated the terms of his agreement with DPW under the Program. That is an issue we believe to be solely within the expertise and fact-finding province of the agency. We conclude, accordingly, that we lack jurisdiction under the DJA as well.

Since we have recognized that the jurisdictional issue is a complicated one, and that our resolution of it is very much dependent upon our correct interpretation of pronouncements by our Supreme Court, we, out of an abundance of caution, will proceed to address the demurrer as well.

Assuming all of the factual allegations and fair inferences therefrom to be true, we, nevertheless, do not believe Petitioner has stated a cause of action. As we have previously noted, the due process allegations are either premature or the claimed remedy is barred

by previous decisions of our Supreme Court. *Eisenberg* and *Commonwealth v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980).

The allegation of deprivation under the equal protection clause[4] states:

> The Department of Public Welfare's procedure in charging Petitioner and persons in the same position, violates Petitioner's equal protection of the law rights in that Petitioner is treated differently than other providers that stand in the same position as he for no rational basis. In that regard, some providers receive orders to show cause and are not suspended prior to a decision on the merits and some providers are given 120 days before the suspension becomes effective.

Even if other providers did receive treatment different from that given Petitioner, such fact without more would not constitute invidious discrimination. Mere inequalities in the administration of a law do not give rise to a constitutional violation. Rather, there must be an element of intentional or purposeful discrimination on the basis of an arbitrary classification. 16A Am. Jur. 2d §803 (1979). Since Petitioner has failed to allege purposeful or intentional discrimination by DPW, we conclude that he has failed to state a cause of action on the grounds of a denial of equal protection.

Having concluded that Petitioner has failed to state a cause of action,[5] we need not further address his right to declaratory judgment relief. Section 7537 of the DJA, 42 Pa. C. S. §7537, provides that we may refuse to enter a declaratory judgment where the

---

[4] 14th Amendment to the United States Constitution.

[5] We will not address Petitioner's claim that his agreement with DPW "constitutes adhesion contracts" because this is a conclusion of law rather than a factual allegation.

judgment would not terminate the controversy. Since Petitioner's administrative appeal is on-going, a judgment here would be inappropriate.

We will sustain the preliminary objections of DPW and dismiss the petition.

### ORDER

The preliminary objections of the Department of Public Welfare in the nature of a petition raising the question of jurisdiction and a demurrer are sustained and the Amended Petition for Review of Murray Barsky, D.P.M. is dismissed.