James A. Rocco, Jr., R. Ph. et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued May 10, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL and DOYLE.

*Philip L. Blackman*, with him *Gilbert B. Abramson, Abramson, Freedman & Blackman, P.C.*, for petitioners.

*Bruce G. Baron*, Assistant Counsel, for respondent.

Opinion by Judge MacPhail, September 9, 1983:

The Department of Public Welfare (DPW) has filed preliminary objections to an amended petition for review filed with this Court by Petitioners.[1] The petition is addressed to both our appellate and original jurisdiction[2] and includes a request for relief under the Declaratory Judgments Act (DJA), 42 Pa. C. S. §§7531-7541. DPW's preliminary objections present a question of jurisdiction and a demurrer.[3]

The amended petition for review alleges that Petitioners were notified by letter dated December 7, 1981 that their provider agreement with DPW under the Pennsylvania Medical Assistance Program (Program) was to be terminated.[4] The letter further instructed Petitioners of their right to appeal the termination and their right to a hearing upon appeal. A timely appeal was filed with DPW on December 22, 1981. Numerous administrative hearings have been held regarding the charges underlying DPW's termination action. On September 9, 1982, DPW filed additional charges against Petitioners which the Hearing Examiner proposed to consider and rule on together with the original set of charges. A final order has not yet, to our knowledge, been entered by DPW in this matter.

As best we can determine, Petitioners assert the following legal grounds for the amended petition for

---

[1] James A. Rocco, Jr., R. Ph. and Rocco's Pharmacy. Petitioner Rocco is a licensed pharmacist.

[2] Sections 761 and 763 of the Judicial Code, 42 Pa. C. S. §§761 and 763.

[3] On January 28, 1983, this Court, per Senior Judge Lehman, denied Petitioners' application for special relief and subsequently, on March 14, 1983, denied reconsideration of the January 28 order. Both orders have been appealed to our Supreme Court.

[4] The petition alleges that the effective date of the termination was extended to February 1, 1983. Petitioners, apparently, could continue to participate in the Program after that date only if an appeal bond was filed with the Office of Hearings and Appeals.

review: 1) that their constitutional rights to due process are being violated by an improper commingling of adjudicatory and prosecutorial functions and by the failure of DPW to render a prompt decision; 2) that Petitioners' administrative remedy is inadequate because of the improper commingling and administrative delays; 3) that Petitioners are entitled to a pretermination hearing; 4) that DPW was without authority to enter into the provider agreement which constitutes a contract of adhesion and 5) that DPW's action has caused irreparable harm to Petitioner Rocco's reputation.

The specific relief requested by Petitioners is that we enter an order which would prohibit DPW from suspending Petitioners, declare that Petitioners' due process rights have been violated, order a pretermination hearing, declare that Petitioners' right to participate in the Program is governed by the Administrative Agency Law,[5] and declare that the provider agreement is illegal, null and void.

Having summarized the Petitioners' allegations and requested legal relief, we observe that they are virtually identical to those recently analyzed by this Court in the case of *Barsky v. Department of Public Welfare*, 76 Pa. Commonwealth Ct. 417, A.2d (1983). *Barsky* involved a podiatrist whose medical provider agreement was also terminated by DPW. As in the instant case, *Barsky* filed a petition for review addressed to our original and appellate jurisdiction which included a request for declaratory relief. In addressing DPW's preliminary objections in *Barsky*, we ruled on the same legal issues presented by the instant case. While we need not repeat here the legal analysis which is fully set forth in *Barsky*, we will note the controlling conclusions reached in that opinion.

---

[5] 2 Pa. C. S. §§501-508, 701-704.

Regarding the appellate portion of the petition, we noted in *Barsky* that the DPW termination letter was not an adjudication and that there was no final order to substantiate an appeal to this Court. *See* 2 Pa. C. S. §101. We, accordingly, dismissed the appeal sua sponte and will do the same here.

With respect to the original jurisdiction equity relief requested in *Barsky* we concluded, as we do here, that the due process challenges were not sufficient to warrant equitable intervention and the attendant interruption of the administrative proceedings. In particular, we noted that the issue of entitlement to a pre-termination hearing had been resolved against the petitioner by our Supreme Court in *Department of Public Welfare v. Eisenberg*, Pa. , 454 A.2d 513 (1982). We also observed in *Barsky* that the allegedly improper procedural events, which have also been raised in the instant petition, had not yet occurred in the ongoing administrative process and that when and if they did, they could be adequately addressed on appeal. We likewise concluded that we lacked jurisdiction under the DJA because the ultimate issue of the validity of the termination of the provider agreement must be resolved in the first instance by DPW. *See* 42 Pa. C. S. §7541(c).

Finally, in ruling on DPW's demurrer we concluded in *Barsky* that the petitioner had failed to set forth a cause of action since the due process allegations were either premature or the claimed remedy was barred by prior Supreme Court decisions. We reach the same conclusion here and, therefore, will sustain DPW's demurrer.

The preliminary objections of DPW will be sustained and the petition dismissed.

### Order

The preliminary objections of the Department of Public Welfare in the nature of a petition raising a question of jurisdiction and a demurrer are sustained and the Amended Petition for Review of James A. Rocco, Jr., R.Ph. and Rocco's Pharmacy is dimissed.