515 A.2d 113

James Rocco, Jr., R.Ph. t/a Rocco's Pharmacy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

James Rocco, Jr., R.Ph. t/a Rocco's Pharmacy, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Michael B. Tolcott,* with him, *Philip L. Blackman* and *Gilbert B. Abramson, Abramson, Cogan, Kogan, Freedman & Blackman, P.C.,* for petitioner.

*Joel M. Ressler,* Deputy Attorney General, with him, *Bruce G. Baron,* Associate Counsel, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 19, 1986:

James Rocco, trading as Rocco's Pharmacy (petitioner) appeals two orders of the Department of Public Welfare (DPW) terminating his provider's agreement with DPW for a two year period[1] and denying his application for reconsideration of that decision.

DPW notified the petitioner that, as a result of an investigation, his participation as a pharmacist-provider in Pennsylvania's Medical Assistance (MA) program would be terminated due to his violation of DPW regulations. The charges against the petitioner were based, *inter alia,* upon 15 instances in which he had

---

[1] The petitioner's agreement was terminated for two years, after which he could apply to participate again as a participating provider.

billed DPW for dispensing name-brand prescription drugs to Medical Assistance recipients who had, in fact, been provided with less expensive generic drugs. After numerous hearings, the charges were limited solely to the one based upon the false billings, and the hearing examiner's recommendation was adopted by the Office of Hearing and Appeals, which determined that the remaining charge warranted the termination of the petitioner's provider agreement.

The petitioner contends that the DPW adjudication denied him his due process rights, and he alleges that there had been an impermissible commingling of prosecutorial and adjudicatory functions.[2] He argues that such commingling is demonstrated by DPW's use of its Office of Legal Counsel (Counsel) to prosecute cases before the agency while the Counsel is also responsible for providing legal advice to the adjudicators who consider the matter.

This Court has previously held that an impermissible commingling of adjudicatory and prosecutorial functions, resulting in a denial of due process, takes place

---

[2] The petitioner also asserts that the order of DPW's Director of Hearing and Appeals denying his request for reconsideration is invalid on the basis that it was not rendered within the thirty day period prescribed by Pa. R.A.P. 1701. Our review of the record indicates, however, that action *was* undertaken by the Secretary within the prescribed time inasmuch as, within the thirty day period, the Director ordered both parties to respond to the petition for consideration each had filed. Assuming *arguendo* that no action was taken within the required thirty day period, the Director would, in any event, merely be without power to *grant* such petitions. Since Pa. R.A.P. 1701 does not provide that failure to timely deny such a petition is tantamount to granting the relief sought therein, we believe that there is no significance to be accorded the Director's purportedly untimely denial of the reconsideration requests. *See* also *Ormes v. Department of Public Welfare,* Pa. Commonwealth Ct. , n.5, 512 A.2d 87, 89 n.5 (1986).

where an adjudicatory board's legal advisor is the direct supervisor of a prosecuting attorney. *Goldberg v. State Board of Pharmacy,* 49 Pa. Commonwealth Ct. 123, 410 A.2d 413 (1980). It has also held, however, that even where two participating attorneys are answerable to the same supervisor, no impermissible commingling occurs, provided that the functions of the two are separated. *Rosenthal v. State Board of Pharmacy,* 73 Pa. Commonwealth Ct. 132, 457 A.2d 243 (1983). There is no allegation here that the attorneys involved in these proceedings collaborated or that the prosecuting attorney had any role in advising either the Secretary or the Executive Deputy Secretary of DPW concerning the proceeding concerned in this matter. The mere fact that both attorneys are from the same department does not compel the conclusion that the tribunal was unfair where, as in the instant case, *actual* prejudice is neither shown by the complaining party nor demonstrated in a review of the record. *Rosenthal.*

The petitioner further contends that he was prejudiced by the failure of the hearing examiner to exercise any independent adjudicatory discretion when he purportedly affirmed the penalty initially set forth in the charge letter sent by DPW. In provider appeals, however, the powers of a hearing examiner are limited to making proposals and recommendations, which may, as here, be adopted or accepted by the Director of the Office of Hearing and Appeals. *Northwestern Institute of Psychiatry v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 213, 513 A.2d 495 (1986).[3] And, as the finder of fact, it is the Director, not the examiner, who possesses the authority to file an order, which may be final, subject only to an application for rehearing or reconsideration. *Id.*

---

[3] In *Northwestern,* it was noted that hearings and intra-agency review in provider appeals are conducted pursuant to the General Rules of Administrative Practice set forth in 1 Pa. Code §§35.1-35.251.

The petitioner next contends that his due process rights were violated by the failure to provide him with a pre-termination hearing. The record indicates, however, that the petitioner's suspension did not take place until *after* the last of *thirteen* hearings had been held on the charges. It further appears that the Secretary of DPW gave the petitioner the opportunity to continue to participate as a provider by filing an appeal bond, which the petitioner failed to file. Even if the petitioner had not been provided with a pre-termination hearing, however, he could not prevail on this issue, for our Supreme Court has held that a Medical Assistance provider is not entitled to such a hearing. *Department of Public Welfare v. Eisenberg,* 499 Pa. 530, 454 A.2d 513 (1982). Moreover, in *Rocco v. Department of Public Welfare,* 77 Pa. Commonwealth Ct. 88, 465 A.2d 94 (1983), the petitioner raised this same contention, which was rejected by this court. *Res judicata,* therefore, bars him from again raising the issue here.

The petitioner also contends that there is not substantial evidence to support the findings of fact necessary to DPW's decision. Our review of the record fails to support this contention, however, for it appears that the petitioner *admitted* dispensing different, less expensive drugs than were billed to DPW. The petitioner further argues, of course, that uncontradicted evidence was presented to show that the incorrect billings were the result of instructions provided by DPW's own representative. Yet the record clearly indicates that the evidence presented in this respect was conflicting, not uncontroverted, and that the conflict was resolved adversely to the petitioner. Credibility determinations and the weight to be accorded the evidence received are matters solely within the province of the administrative agency, and our review fails to reveal that any compe-

tent evidence was capriciously disregarded[4] with respect to the proffered explanation.

We will, therefore, affirm the orders of the Department of Public Welfare.

ORDER

AND NOW, this 19th day of September, 1986, the order of the Department of Public Welfare in the above-captioned matter is affirmed.

ORDER

AND NOW, this 22nd day of October, 1986, having considered the respondent's verified Bill of Costs pursuant to Pa. R.A.P. 2741(2), which provides that costs, including the cost of printing or reproducing briefs as provided by Pa. R.A.P. 2742, shall be taxed against the petitioner where an order is affirmed, and having considered the petitioner's exceptions to said Bill of Costs, wherein the petitioner states an intent to file a timely Petition for Allowance of Appeal to the Pennsylvania Supreme Court requesting review of our September 19, 1986 order, we conclude that, under such circumstances, our September 19, 1986 order cannot be held at this time to constitute the requisite final order for the taxation of costs under Pa. R.A.P. 3751. We note, however, that the respondent's timely filing of its Bill of Costs under Rule 3751 should be preserved should our Supreme Court affirm our September 19, 1986 order.

It is, therefore, hereby ORDERED that the respondent's Bill of Costs is denied without prejudice.

---

[4] A capricious disregard of competent evidence, warranting rejection of an agency's finding of fact, is the willful, deliberate disbelief of an apparently trustworthy witness whose testimony could not possibly be challenged or doubted by a person of ordinary intelligence. *Yuhas v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 82 Pa. Commonwealth Ct. 390, 476 A.2d 1377 (1984).