537 A.2d 116

Stanford Zukin, Inc. and Thatcher's Rexall Pharmacy, Inc., Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 14, 1987, before Judges CRAIG, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Richard D. Malmed, Hepburn, Willcox, Hamilton &* *Putnam,* for petitioners.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, February 12, 1988:

Stanford Zukin, Inc. and Thatcher's Rexall Pharmacy, Inc. (hereinafter Petitioners) appeal from a decision of the Board of Claims (Board) which denied their request for relief. For the reasons set forth herein, we will affirm.

The relevant chronology of events is as follows. From March 1968 to February 7, 1983 Petitioners were a provider in the Pennsylvania Medical Assistance Program (Program) enrolled as a pharmacy, pursuant to a provider agreement entered into between Petitioners and the Department of Public Welfare (DPW). On January 6, 1983, Petitioners received written notice from DPW that their provider status would be terminated on February 7, 1983. On January 9, 1983, a timely appeal was filed by Petitioners with the Office of Hearings and Appeals (OHA). At that time Petitioners also made a request to OHA to issue a supersedeas order with respect to the termination of their provider status.

Three supersedeas orders were subsequently issued by OHA with respect to this matter. The first supersedeas order was issued by OHA on January 26, 1983. This order provided that Petitioners could continue billing the Program for covered services and be reimbursed for such services if they posted a bond. The amount of the bond was to be no less than the amount of Petitioners' average monthly payments from the Pro-

gram for a four month period, with the average payment to be calculated on the basis of Petitioners' payments during the period July 1982 through December 31, 1982. The bond was also required to guarantee payment to DPW of all monies reimbursed to Petitioners during the period February 8, 1983 to June 7, 1983 in the event an adverse decision was issued by OHA against Petitioners. Lastly, the order stated that if a final administrative decision was not issued by OHA on or before June 7, 1983 that DPW could seek to have the amount of the bond increased. On February 23, 1983, OHA issued a second supersedeas order. This order contained the same terms as the first supersedeas order with the exception that the amount of the bond was to be $10,000 and enabled Petitioners to continue billing for Program services during the period February 14, 1983 through June 7, 1983. On March 16, 1983 OHA issued a third supersedeas order which was essentially the same as the two previous supersedeas orders. However, the third supersedeas order did provide in paragraphs two and three as follows:

2.   If the Department shall have paid to the Appellant [Petitioners] for services rendered after February 14, 1983 an amount in excess of $10,000, the Appellants shall, within ten (10) days of the date of written notice of such fact from the Department, post an additional $10,000 as a bond with respect to any further participation failing which payments will cease pending the outcome of this matter; and so each time payments exceed the total amount of the bond.

3.   In the event that the Appellant's [Petitioners] appeal is denied, the bond shall be used to reimburse the Department for any and all sums paid to the Appellant for services rendered after February 13, 1983 and for any restitution which

the decision in this matter shall determine is owed to the Department by the Appellant, with any surplus being returned to the Appellant. However, if the appeal is sustained, the bond shall be returned to Appellant.

On May 6, 1983, Petitioners withdrew their administrative appeal before DPW regarding the January 6, 1983 termination notice. Sometime thereafter Petitioners received from DPW a check for $7,180.81 which represented the balance of the $10,000 bond posted by Petitioners. This check was accepted by Petitioners, but only upon the condition that acceptance of said check would not be considered as final acceptance of Petitioners' claims against DPW. On or about August 10, 1983, Petitioners filed a breach of contract action with the Board alleging that they were entitled to reimbursement in the amount of $32,911.24 for medical assistance services rendered by them during the period February 7, 1983 through May 6, 1983. The Board concluded that Petitioners by withdrawing their appeal on May 6, 1983 violated the conditions of the stay order/contract existing between Petitioners and DPW because a condition of the stay order/contract was that Petitioners would continue with their appeal to determine the validity of the termination of their provider status.

There are two issues which must be resolved by this Court: (1) whether the Board has subject matter jurisdiction and (2) whether the decision of the Board in denying reimbursement to Petitioners was proper. Our scope of review of an order issued by the Board is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

First, we must address the argument raised by DPW that the Board did not have subject matter jurisdiction over the instant matter. Although DPW agrees with the result reached by the Board, it contends that subject matter jurisdiction was solely with DPW. We disagree.

It has been determined in several recent cases that a cause of action involving breach of a provider agreement may in certain instances be brought before the Board. In *Department of Public Welfare v. Divine Providence Hospital*, 101 Pa. Commonwealth Ct. 248, 516 A.2d 82 (1986), this Court rejected DPW's argument that subject matter jurisdiction was solely and exclusively with DPW. In *Divine Providence Hospital*, the issue before the Board was whether DPW's method of determining whether payments were due constituted a breach of its provider agreement with the hospital provider. In *Department of Public Welfare v. Shapiro*, 91 Pa. Commonwealth Ct. 64, 496 A.2d 887 (1985), DPW argued that subject matter jurisdiction was exclusively with DPW because the provider's right to reimbursement does not arise from the provider agreement but from the laws and regulations governing administration of the Program. DPW refused to reimburse the provider for services alleging that DPW never received invoices from the provider. This Court reasoned that because there was no dispute that the services were rendered and because the only issue before the Board was whether DPW had received the invoices, the issue remaining for determination was clearly a contractual matter within the jurisdiction of the Board. In support of its position, the *Shapiro* court cited to *Smock v. Commonwealth*, 57 Pa. Commonwealth Ct. 67, 425 A.2d 883 (1981) *aff'd* 496 Pa. 204, 436 A.2d 615 (1981). In *Smock*, DPW revoked Smock's nursing home license and refused to reinstate it. Smock filed an original juris-

diction action in this Court seeking money damages and restitution. Our Supreme Court affirmed this Court's conclusion that Smock's cause of action should have been initiated before the Board.

In the case *sub judice,* there is no dispute that medical assistant services were ·rendered. The sole issue is whether DPW's decision that payments were not due to Petitioners because they withdrew their administrative appeal before DPW constitutes a breach of contract matter within the jurisdiction of the Board.[1] It is our conclusion that DPW's withholding of payments from Petitioners clearly involves a question of whether DPW has breached the provider agreement.

In that we have determined that subject matter jurisdiction did exist with the Board, we must now determine whether the Board properly determined that Petitioners were not entitled to reimbursement for medical assistance services during the period February 7, 1983 through May 6, 1983. Petitioners' contention before the Board as well as this Court is that pursuant to the supersedeas orders issued by OHA they are entitled to reimbursement for medical assistance services rendered during the period February 7, 1983 through May 6, 1983; and that DPW's refusal to reimburse Petitioners for these services is in breach of contract. There is no dispute that services were rendered by Petitioners dur-

---

[1] In support of its position, DPW cites to *Barsky v. Department of Public Welfare,* 76 Pa. Commonwealth Ct. 417, 464 A.2d 590 (1983) *aff'd* 504 Pa. 508, 475 A.2d 742 (1984). However, we do not believe *Barsky* controls here. In *Barsky,* the Supreme Court affirmed this Court's determination that the Commonwealth Court did not have jurisdiction under the Declaratory Judgments Act to consider the provider's claims because the issues to be resolved were whether the provider violated the terms of the provider agreement and this was within the expertise and factfinding province of DPW.

ing the period in question. However, it is DPW's position that because Petitioners withdrew their appeal they conceded to the termination of their provider agreement. Thus, according to DPW, Petitioners are not entitled to reimbursement because the supersedeas orders were contingent upon Petitioners' continuing their appeal. DPW further argues that in any event Petitioners were entitled to no money if they were not successful on appeal and this was the reason Petitioners were required to post the bonds.

The January 6, 1983 termination notice specifically advised Petitioners that their provider status under the Program would be terminated as of February 7, 1983. By timely appealing this notice of termination and successfully having OHA issue a stay of the termination, Petitioners were entitled to continue providing services, and request reimbursement for services if they posted a bond. However, the supersedeas orders which in effect continued Petitioners' right to provide medical assistance services under their provider agreement were clearly contingent upon the outcome of Petitioners' appeal before DPW with respect to termination of their provider status. When Petitioners terminated their administrative appeal with DPW, they in effect accepted DPW's decision to terminate their provider status as a final determination. The supersedeas orders did not entitle Petitioners to reimbursement if they terminated their appeal. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 12th day of February, 1988, the order of the Board of Claims in the above-captioned matter is hereby affirmed.