556 A.2d 500

George Busch, Petitioner *v.* Glen R. Jeffes, Commissioner, Department of Corrections; David S. Owens, Secretary, Department of Corrections; Theodore Otto, III, Chief Counsel; Charles H. Zimmerman, Superintendent, Respondents.

Submitted on briefs October 11, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*George Busch,* petitioner, for himself.

*Claudia M. Tesoro,* Deputy Attorney General, with her, *John G. Knorr, III,* Chief Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE SMITH, March 27, 1989:

Petitioner in an equity action addressed to this Court's original jurisdiction contends that he has been denied his constitutional right to equal employment opportunity through the Department of Corrections' (Department) adoption of a statement of policy issued in alleged contravention of notice and publication requirements of the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§1102-1602. Petitioner seeks declaratory and equitable relief; and demands a determination that the Department's implementation of its policy toward the hiring of ex-offenders violated the notice provisions of said Common-

wealth Documents Law, his individual right to have such statements of policy published, and his right to equal employment opportunity. Petitioner requests that Respondents be prevented from interfering with his rights and that the Court award him fees, costs and disbursements in this action, including experts' and attorneys' fees.

Petitioner filed his complaint on July 5, 1988. Respondents filed preliminary objections to the complaint on July 26, 1988 pursuant to Pa. R.C.P. 1017(b) raising objection to this Court's subject matter jurisdiction, a motion for more specific pleading and a demurrer. In his complaint, Petitioner avers that he works as a corrections officer at the State Correctional Institution at Graterford and began his employment as corrections officer in 1974. In his employment application he allegedly included the information that he had been previously convicted of a misdemeanor offense. The Department issued an administrative memorandum in 1982 which dealt with its policy toward the hiring of ex-offenders. Subsequent to issuance of this memorandum, Petitioner was disqualified from duties involving the carrying of a firearm. He avers that he suffered losses in wages, rank and other entitlements as the result of departmental implementation of this policy and essentially alleges his disparate treatment in comparison with other employees, and that his reassignment to posts where he does not carry a firearm violates his constitutional right to due process and equal protection.

It is Respondents' position that equity is an improper forum for resolution of Petitioner's complaint. Presently before this Court are the preliminary objections of Respondents seeking to have the complaint dismissed on the ground that adequate and useful statutory remedies are available to Petitioner. "That equity will not inter-

scribed remedy at law, is a principle well established in this Commonwealth." *Commonwealth, Department of Public Welfare v. Eisenberg*, 499 Pa. 530, 534, 454 A.2d 513, 515 (1982). Furthermore, "[w]e refuse to allow equity to intervene where available statutory remedies have not been exhausted and there is a lack of sufficient challenge to the adequacy of these remedies. The administrative process should not be weakened by unpredictable judicial intrusions in the absence of those circumstances which this Court has indicated are necessary prerequisites to such interference." *Eisenberg*, 499 Pa. at 536, 454 A.2d at 515-516.

Our state Civil Service Commission has jurisdiction to determine in the first instance matters within its regulatory powers. A civil service appeal is expressly made the administrative remedy for discriminatory or non-merit changes in employment status (such as non-merit reclassification, transfer or demotion of a regular employee) by Section 905(a) of the Civil Service Act.[1] That administrative remedy fully and adequately covers claims of employment discrimination. *Norristown State Hospital v. Bruce*, 69 Pa. Commonwealth Ct. 298, 450 A.2d 1093 (1982).

The complaint before this Court contains no evidence of Petitioner's attempts at formal administrative intervention other than Petitioner's contention that he unsuccessfully approached his superiors in the Department of Corrections on the subject of his reassignment. Petitioner has apparently failed to avail himself of accessible administrative remedies. The Pennsylvania Supreme Court has addressed this subject as follows:

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905(a).

[T]hose matters our legislature has placed within Commonwealth Court's appellate jurisdiction under Section 763 [of the Judicial Code, 42 Pa. C. S. §763] are excluded from its original jurisdiction under Section 761(a)(1). In short, the Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its Section 763 appellate jurisdiction over appeals from Commonwealth agencies, whether directly under Section 763(a)(1) or (2), indirectly under Section 762(a)(3) or (4) or otherwise within its appellate jurisdiction.

*Pennsylvania Department of Aging v. Lindberg,* 503 Pa. 423, 429, 469 A.2d 1012, 1015-1016 (1983).

This Court lacks equity jurisdiction in that Petitioner has failed to exhaust or exercise adequate and available statutorily imposed administrative remedies. *See Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980). It is accordingly unnecessary to address the other issues raised by Respondents' preliminary objections. For the foregoing reasons, Respondents' preliminary objection challenging this Court's original jurisdiction is hereby sustained.

## ORDER

AND NOW, this 27th day of March, 1989, Respondents' preliminary objection challenging the Commonwealth Court's original jurisdiction is sustained, and Petitioner's complaint in equity is hereby dismissed.