618 A.2d 1105

**Charles R. ZIMMERMAN, Petitioner,**

**v.**

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Ronald E. Chronister, Insurance Commissioner of the Commonwealth of Pennsylvania, and the Insurance Department of the Commonwealth of Pennsylvania, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Dec. 3, 1992.

Steven W. Alm, for petitioner.

Terrance A. Keating, Dept. Counsel, for respondents.

Before SMITH and PELLEGRINI, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

■ Charles R. Zimmerman (Petitioner) petitions for review of an order by the Insurance Commissioner (Commissioner) which granted a Motion for Default Judgment filed by the Pennsylvania Insurance Department (Department) and entered judgment against Petitioner for failure to respond to the Department's Order to Show Cause.[1] We affirm.

On November 27, 1991, the Commissioner issued an opinion and order finding Petitioner in violation of various provisions of Pennsylvania's insurance laws, including the Unfair Insurance Practices Act,[2] for marketing an unlicensed insurance product. In brief, Petitioner was ordered to cease the unlawful practices and notify those insureds enrolled in the unlicensed plan of the entry of the Commissioner's order.

On January 6, 1992, the Commissioner issued an Order to Show Cause, docketed at number P91–12–35, alleging that Petitioner failed to notify insureds of the cease and desist order. The Order to Show Cause directed Petitioner to file a written answer within twenty days and notified Petitioner that failure to do so would result in deemed admission of the factual allegations of the Order to Show Cause and the imposition of penalties by the Commissioner. (Order to Show Cause, p. 2.) The notice was repeated on page 7 of the Order to Show Cause, which also stated specifically that "[a]nswers ... must be filed in writing with the Docket Clerk [of the] Insurance Department...." (Order to Show Cause p. 8.) This notice was consistent with the procedural provisions of the General Rules of Administrative Practice and Procedure (Administrative Code). *See* 1 Pa.Code § 35.37.

1. Our scope of review is provided by the Administrative Agency Law and is limited to determining whether constitutional rights were violated, errors of law were committed and necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

2. Act of July 22, 1974, P.L. 589, *as amended,* 40 P.S. §§ 1171.1–1171.15.

Instead of filing an Answer to docket number P91–12–35, and responding directly to the Order to Show Cause, Petitioner filed an action for declaratory and injunctive relief in federal court. Attached as Exhibit "B" to the federal court complaint was a document headed "Response of Charles Zimmerman to the Insurance Commissioner's Order to Show Cause filed January 6, 1992". That response was never *filed* with the Department, but the certificate of service indicates that the federal complaint was *mailed* to the Commissioner and counsel for the Department on January 27, 1992.

The Department filed its Motion for Default Judgment on January 30, 1992, alleging that Petitioner failed to timely answer or otherwise respond to the Order to Show Cause. The motion was granted February 24, 1992. On February 25, Petitioner filed a Response to Motion for Default Judgment, referencing the filing and service of the federal complaint and Exhibit "B" thereto. Attached to the Response were copies of the first page of the federal complaint, a cover letter to the federal Clerk of Courts and the certificate of service.[3]

Petitioner's petition for review to this court was filed on March 23, 1992. The copy served on the Commissioner was accompanied by a letter dated March 19, 1992, requesting that the default judgment be vacated. The Commissioner's office received the letter on March 23.[4] Although not in the proper

3. The cover letter to the Clerk of Courts which accompanied Petitioner's federal filing, also dated January 27, 1992, indicates that copies of the letter and the complaint were sent to the Commissioner and counsel for the Department and stated "(All w/enc. including copy of Response To Rule To Show Cause)." The certificate of service, signed by Petitioner's counsel, stated "I further certify that the Response of Charles Zimmerman which is part of Exhibit "B" hereto, has not previously been served upon the Defendant Commissioner and is so served for the first time herewith without waiving any right on the part of Plaintiff herein to contest jurisdiction of said Defendant."

4. The certified record of docket number P91–12–35 shows that documents filed in the proceeding before the Commissioner received a stamp bearing the words "Received" and "Insurance Dept. Docket File" indicating the date and time of filing. The docket entries corroborate that the letter (docket exhibit number 16A) was entered in the docket on March 23.

form, the letter was treated as a request for reconsideration and denied as untimely by an order issued April 8, 1992.[5]

■     The central issue presented by the petition for review is whether the documents filed in federal court were responsive to the Order to Show Cause, so as to preclude the entry of a default judgment against Petitioner.[6]  However, even if an exhibit to a complaint filed in a wholly independent action in an entirely separate forum could be deemed a responsive pleading to the Order to Show Cause, the filing here fails on the ground that it was not timely under the provisions of the Administrative Code.[7]

■     Under the Administrative Code, "[p]leadings, submittals or other documents required or permitted to be filed ... shall be received for filing at the office of the agency within the time limits, if any, for the filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative.*" 1 Pa.Code § 31.11 (emphasis added). *See also Bianchi Subaru v. State Board of Vehicle Manufacturers,*

5.  In his brief, Petitioner requests review and reversal of the April 8 order, as well.  The Department points out that the April 8 order is not properly before the court for consideration.  We note that Petitioner was not required to request reconsideration in order to preserve issues for review and that the request raised no issues not already before the court by the Petition for Review.  Therefore, we conclude that the existence of the April 8 order does not affect the Court's determination in this matter.

6.  The gravamen of Petitioner's argument is that the federal complaint, containing as it did a response to the Order to Show Cause, should count as a responsive filing in docket number P91–12–35 because it was served on the same individuals involved in the proceeding before the Commissioner.  This argument is rejected.  A federal complaint sent to the Commissioner and others which just happens to contain, in part, a so-called "response" cannot be construed as an "answer filed with the Docket Clerk [of the] Insurance Department."

7.  Another point raised by Petitioner is the fact that the Commissioner served documents directly on Petitioner, rather than on Petitioner's counsel.  The court is not aware if Petitioner's counsel in the instant matter also represented Petitioner in the underlying action before the Commissioner.  In any event, the underlying adjudication was a separate proceeding, docketed to a separate docket number;  even if counsel represented Petitioner in the underlying adjudication, there is no entry of appearance for counsel in this action and, accordingly, the Commissioner had no duty to serve anyone other than Petitioner.

*Dealers and Salespersons,* 120 Pa.Commonwealth Ct. 474, 548 A.2d 708 (1988), and *Maldonado v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 576, 492 A.2d 1202 (1985). Moreover, as the Order to Show Cause itself clearly warned, "[a] respondent failing to file answer within the time allowed shall be deemed in default, and relevant facts stated in the order to show cause may be deemed admitted." 1 Pa.Code § 35.37.

The certificate of service of the federal complaint shows that it was mailed to the Commissioner and Department counsel by first class mail on January 27, 1992, the last day for the filing of Petitioner's answer to the Order to Show Cause.[8] There is no evidence that the Commissioner received the document the same day it was mailed.[9] Thus, the record supports the Commissioner's determination that Petitioner was in default.

Accordingly, the order of the Commissioner is affirmed.

ORDER

AND NOW, this 3rd day of December, 1992, the Order of the Insurance Commissioner entered in P91–12–35 on February 24, 1992, is affirmed.

---

8. The Order to Show Cause was mailed on January 6, 1992. Because the twentieth day following the mailing date was a Sunday, Monday January 27 was the last day Petitioner could file his response. The computation of time is governed by 1 Pa.Code § 31.12, as well as 1 Pa.Code § 31.13(a), which states in pertinent part: "In computing a period of time involving the date of the issuance of an order by an agency, the day of issuance of an order shall be the day the office of the agency mails or delivers copies of the order to the parties...."

9. The federal court complaint was not filed as a part of the proceedings before the Commissioner; therefore, it is not part of the certified record and there is no docket entry, date stamp or other evidence to rebut the logical inference that the document was not received by the Commissioner on the same day it was mailed.