**BALFOUR BEATTY CONSTRUCTION, INC., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 7, 2001.
Decided Sept. 20, 2001.

James E. Moye, Maitland, FL, for petitioner.

Stephen S. Stokwitz, Harrisburg, for respondent.

Before SMITH, Judge, KELLEY, Judge, and JIULIANTE, Senior Judge.

SMITH, Judge.

Balfour Beatty Construction, Inc. (Balfour) has filed a petition for review from the decision of a Hearing Officer of the Department of Transportation (Department) that granted a Department motion and dismissed Balfour's appeal and request for a hearing from the Department's suspension of Balfour as a prequalified contractor and denied Balfour's alternative request to treat the appeal as one properly filed nunc pro tunc.[1] Balfour also filed an Application for Summary Relief asserting that the Department lacked jurisdiction because Balfour was not a "contractor" as defined in the regulations when the suspension was imposed and the dismissal was an improper final determination outside the context of a proposed report. The Department has filed a motion to quash reasserting various jurisdictional challenges.

Balfour states the following questions involved in this appeal. They are: (1) whether the notice of suspension was adequate under 67 Pa.Code § 457.13(g), where it was not sent by both regular and certi-

---

1. Balfour's petition for review also asserted a cause of action in the Court's original jurisdiction, requesting a writ of mandamus ordering the Hearing Officer to accept jurisdiction over its appeal from the suspension, and this matter was originally docketed at No. 472 M.D.2000. The Department filed preliminary objections challenging the appellate jurisdiction of this Court on several grounds and also asserting lack of jurisdiction over the original jurisdiction claim. By order of January 11, 2001, the Court granted the preliminary ob-

jection seeking to dismiss the count filed in original jurisdiction; denied the Department's motion to quash the count filed in appellate jurisdiction; granted leave to file a new action in original jurisdiction within twenty days challenging the facial constitutionality of a regulation; and directed that the matter be assigned a Commonwealth Docket number. This case was designated No. 79 C.D.2001. A separate appeal in Balfour's related debarment case is pending at No. 693 C.D.2001.

fied mail and it did not identify specific acts or incidents; (2) whether the suspension was invalid where no findings of fact supported it; (3) whether a reply pursuant to 67 Pa.Code § 457.13(h) was a mandatory prerequisite to a hearing request; (4) whether the time for requesting a suspension hearing runs from the notice that the suspension has been imposed rather than notice that it might be imposed; (5) whether the denial of a request for a hearing nunc pro tunc was an abuse of discretion; (6) whether a three-month suspension of a contractor's license is an adjudication pursuant to 2 Pa.C.S. § 101, such that suspension without a hearing violates Section 504 of the Administrative Agency Law, 2 Pa. C.S. § 504, and due process; (7) whether the opportunity to submit information under 67 Pa.Code § 457.13(g) is an adequate substitute; and (8) whether the dismissal is void where the Hearing Officer was a supervisor of the individuals and office prosecuting the action.

I

Balfour's petition for review states that Balfour is a general contractor that was prequalified by the Department. In September 1996 Balfour and the Department entered into a contract for the widening of State Route 300 and State Route 30, together with construction of certain interchanges and bridges in Lancaster County, Contract No. 087313, which was for approximately forty-eight lane miles. As a result of delays and changes in the project Balfour and the Department each asserted various claims pending before the Board of Claims. On or about June 2, 2000, the Department sent a letter by certified mail, return receipt requested, to Balfour's office in Atlanta, Georgia, regarding the suspension. Although a receptionist signed the return receipt on June 7, 2000, the official to whom the letter was addressed, Adrian Greenhalgh, Senior Vice President, later filed an affidavit stating that he did not receive it and that it had not been found after a search of the offices. He stated also that they did not find any copy delivered by regular mail and that on the day the receptionist signed the return receipt the offices were visited by an FBI agent, who was serving a civil subpoena, which caused a considerable amount of confusion among Balfour employees.[2]

Balfour did not respond to the June 2, 2000 letter, and on July 11, 2000 the Department sent another letter, which informed Balfour that the Department had made Balfour the subject of debarment proceedings.[3] On July 25, 2000, Balfour

---

**2.** The June 2, 2000 letter stated in part:

The [Department] is hereby notifying you that, in accordance with Title 67, Section 457 *et. seq.*, entitled Prequalification of Bidders, [Balfour is] the subject of a current suspension and investigation proceeding.

The Department's suspension and investigation are the result of various incidents, of which you are aware, involving safety violations on S.R. 0030, Section 009, Lancaster County, Contract No. 087313. Specifically, as you have been repeatedly advised, both orally and in writing, serious safety issues have remained unaddressed, including but not limited to, inadequate, duplicative or non-existent line painting, dangerous shoulder conditions, and an overall lack of concern for

the safety of the travelling public. The aforementioned actions by [Balfour] violate, *inter alia*, Title 67, Sections 457.13(a)(11)(i)(ii) and (13).

The Department's suspension of [Balfour] will be for an initial period of three (3) months, commencing on Monday, June 26, 2000. In this regard, your attention is directed to Title 67, Section 457, *et seq.*, which sets forth your rights in regard thereto.

**3.** The July 11, 2000 letter stated in part:

On June 2, 2000, the Department wrote [Balfour] a letter .... in which the Department advised [Balfour] that it was being suspended pursuant to 67 Pa.Code § 457.13 (relating to suspension and/or debarment).

filed a "Notice of Appeal/Request for Hearing" pursuant to 67 Pa.Code § 457.14(a), which appealed from the debarment and requested a debarment hearing and also appealed from the suspension. The Department filed a motion to dismiss Balfour's appeal and request for hearing insofar as they related to the June 2, 2000 notice of suspension (not to the debarment), asserting that the Hearing Officer lacked jurisdiction to consider the suspension because Balfour had not submitted information pursuant to 67 Pa.Code § 457.13(h). That section provides:

> (h) *Reply to suspension.* A contractor, subcontractor or individual suspended by the Department may, within 21 days after the suspension mailing date, submit, in person, in writing, or through a representative, information in opposition to the suspension. Upon review of the information or the completion of an investigation, or both, the Department will notify the contractor, subcontractor or individual whether the suspension shall be continued or withdrawn or whether debarment proceedings will be initiated.

The Department contended that Balfour's attempt to challenge the suspension was untimely and should be dismissed. On September 21, 2000, Balfour filed a Request for Appeal to be Treated as Appeal Nunc Pro Tunc. By Memorandum Opinion and Order of September 26, 2000, the Hearing Officer concluded that Department regulations provide for appeal from an action of debarment but not from a suspension, that Balfour's reply to the suspension notice was untimely and that no compelling reason had been shown to permit filing a nunc pro tunc reply.

Balfour filed a petition for review with this Court from that order. Balfour thereafter filed an Application for Summary Relief in which it sought to raise new issues, which it characterized as being jurisdictional. This application averred that because Balfour's prequalification expired on June 30, 2000 it was no longer a "contractor" as defined in the regulations on that date, and the Department could not suspend it and that the dismissal was improper because it was not done as part of a required "proposed report" of a presiding officer after a hearing. The Department filed its Reply to Petitioner's Application and its Motion to Quash. By order of May 7, the Court directed that supplemental briefs be filed on the Department's motion and that it be argued with the merits. The Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there was a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

## II

■ The Court turns first to the Department's Motion to Quash the Application for Summary Relief and the Applica-

---

Furthermore, as a result of matters referenced in the letter, an investigation was ongoing.

To date, those matters have not been adequately addressed by [Balfour]. Notwithstanding that the Department afforded [Balfour] an opportunity, pursuant to 67 Pa.Code § 457.13(h) (relating to reply to suspension), to submit information in opposition to the suspension, [Balfour] did not respond. The suspension therefore became effective on the date stated in the letter (June 26, 2000), and the Department, having completed its investigation, is hereby initiating debarment proceedings in accordance with 67 Pa.Code § 457.13.

The Department's debarment of [Balfour] will be for a period of three (3) years from the date of this letter. In this regard, your attention is directed to Title 67, Section 457, *et seq.*, which sets forth your rights in regard thereto.

tion, as these could be dispositive. The Department raised various challenges to the Court's jurisdiction to hear this matter in its Preliminary Objections, in its main brief and in its Motion to Quash. As Balfour points out, several of the Department's arguments were rejected when the Court denied the Department's first motion to quash. The Court notes, however, that Pa. R.A.P. 123(e) provides for consideration by the full Court of actions of a single Judge, and the Court has held that the law of the case doctrine will not preclude reconsideration by the full Court on a question of subject matter jurisdiction, even when there has been no formal request for reconsideration. *Hughes v. Pennsylvania State Police,* 152 Pa. Cmwlth. 409, 619 A.2d 390 (1992).

The Department contends first in its Supplemental Brief in Support of Motion to Quash that the appeal was untimely under 67 Pa.Code § 457.13(h). As noted above, the Department's letter of June 2, 2000 provided notice of a suspension for three months commencing June 26, 2000. The regulation at 67 Pa.Code § 457.13(h) provides for a "reply" to a notice of suspension within twenty-one days of mailing. The Department asserts that under this provision Balfour was required to file an appeal on or before June 23, 2000. The Department stresses that a petitioner must exhaust administrative remedies before the right of judicial review arises. *Canonsburg General Hosp. v. Department of Health,* 492 Pa. 68, 422 A.2d 141 (1980) (dismissing action in mandamus in this Court for failure to pursue available administrative remedies).

■ The Court agrees with Balfour, however, that the plain language of 67 Pa.Code § 457.13(h) indicates that the filing of information under the reply procedure is optional. The regulation does not require the filing of information, and it is not in the nature of a rule to show cause, accompanied by notice that factual allegations may be deemed to be admitted if they are not challenged. Whether reply information is filed or not, the Department's investigation is to continue, culminating in a later decision on continuation of the suspension. *See* 1 Pa.Code §§ 35.14 and 35.37 and 67 Pa.Code § 491.9; *Zimmerman v. Foster,* 152 Pa.Cmwlth. 84, 618 A.2d 1105 (1992) (granting summary judgment where insurance agent failed to file a timely response to an order to show cause clearly stating that failure to respond would result in deemed admission of factual allegations). Balfour's failure to file a reply within twenty-one days of the June 2, 2000 letter did not preclude it from seeking review.

### III

■ Next the Department argues that the Court lacks jurisdiction because Balfour did not exhaust administrative remedies in that it filed a petition for review with this Court rather than an appeal to the Secretary of Transportation. Balfour argues in its Reply Brief that there are exceptions to this requirement. In *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa.Cmwlth. 561, 493 A.2d 146 (1985), the Court discussed a major exception commonly known as the "constitutional attack." To come within this narrow exception a party must show that a challenged statute or regulation clearly and unambiguously violates a constitutionally secured right; there must be more than a mere allegation of a constitutional question. *St. Clair.* The Court agrees that Balfour's petition for review falls within this exception.

■ Balfour's fundamental claim in these proceedings is that the Department's regulations violate Balfour's right to due process of law by depriving it of a substan-

tial property interest in its prequalified status, even during a temporary period of suspension, without ever providing a hearing preceded by adequate notice of the charges against it and accompanied by the opportunity to cross-examine witnesses and to present argument. There is no factual issue in this case on this point. The question of whether the Department's regulations violate due process is a constitutional question, as to which the expertise of the Secretary in transportation matters is not required. The Court agrees that jurisdiction is not defeated in this case because Balfour did not file an appeal with the Secretary.

## IV

Next in its Supplemental Brief in Support of Motion to Quash the Department asserts briefly that the Court lacks jurisdiction because Balfour failed to appeal to the Secretary the Hearing Officer's denial of its request to be heard nunc pro tunc. Balfour argues in its Brief that, assuming arguendo that the time to request a suspension hearing expired on June 23, 2000, it had established grounds for requesting a hearing nunc pro tunc. The Department assertedly failed to comply with the express terms of 67 Pa.Code § 457.13(g) regarding notice: "When a suspension is imposed against a contractor .... the Department will immediately notify the contractor .... by certified mail, return receipt requested and regular mail that it has been [suspended and declared ineligible for contracting and subcontracting]." Balfour alleges that the Department did not send the suspension notice by regular mail as well as by certified mail and that the Department's failure to do so resulted in Balfour's failure to respond earlier.

■ Balfour notes that in *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d 1130 (1996), the court held that an appeal nunc pro tunc may be allowed when a delay in filing an appeal is caused by extraordinary circumstances involving fraud or some breakdown of the court's operation through a default of its officers or because of non-negligent circumstances, either as they relate to appellant or to counsel, and the appellant files shortly after expiration of the appeal period. The Court's conclusion that the twenty-one-day period in § 457.13(g) does not apply renders this argument moot. The Court notes, however, that in *Dougherty v. Department of Public Welfare,* 62 Pa.Cmwlth. 15, 434 A.2d 914 (1981), the Court rejected the claim that the agency's failure to send notice of its decision also by certified mail caused the tardy appeal because the claimant might have paid more attention to a certified letter. Here the allegations are that only a certified letter was sent, but the Court deems the result to be the same.

## V

The Department's Supplemental Brief next asserts lack of jurisdiction to entertain Balfour's allegations of impropriety regarding the Hearing Officer. On December 21, 2000, at No. 472 M.D.2000, Balfour filed an Application for Relief requesting leave to supplement the petition for review and the record to add a newly discovered contention that the Hearing Officer's dismissal of Balfour's challenge was void where Balfour learned on November 27, 2000, by means of a response that the Department filed to a motion by Balfour to disqualify the Hearing Officer substituted for medical reasons, that the original Hearing Officer was in the direct chain-of-command for both of the Department's assigned trial counsel. The Court has not yet ruled on that application, in which Balfour argues that the commingling of prosecutorial and adjudicative functions is

a violation of Balfour's due process rights. It cites, among other cases, *Department of Insurance v. American Bankers Ins. Co. of Florida,* 26 Pa.Cmwlth. 189, 363 A.2d 874 (1976), involving an adjudication of asserted violations of an insurance statute. This Court held that where the associate counsel who prosecuted was the direct subordinate of the hearing examiner, no showing of actual bias was required because an agency, as well as a court, must avoid even the appearance of possible prejudice.

■ The Department's response to Balfour's application rested upon the position of its Preliminary Objections that the Court lacked jurisdiction to consider the petition for review on various grounds. It added also the argument made here, namely, an assertion of failure to exhaust administrative remedies because Balfour did not present its allegations regarding the Hearing Officer to the agency for consideration of disqualification, pursuant to 1 Pa.Code § 35.186. That provision authorizes the withdrawal of a presiding officer after timely affidavits alleging personal bias or other disqualification have been considered. The Court notes that it is in the nature of Balfour's allegations that they could not have been presented to the agency. The Department's filing of November 27 was some two months after the Hearing Officer's September 26 order. The Court is satisfied that Balfour could not have raised the commingling issue sooner.

## VI

The Department's Supplemental Brief next asserts that Balfour's failure to reply timely to the June 2, 2000 letter renders Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, inapplicable. Section 504 provides: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." In its main brief Balfour argues that the Department's suspension of Balfour's prequalified status was an "adjudication" within the meaning of 2 Pa.C.S. § 101. Balfour describes its prequalification as its license to do business in Pennsylvania, which it characterizes as a property right protected by due process and by 2 Pa.C.S. § 504.

■ In *Shah v. State Board of Medicine,* 139 Pa.Cmwlth. 94, 589 A.2d 783 (1991), the Court stated that a license, such as a license to practice medicine, once obtained by compliance with law, becomes a valued privilege or right in the nature of property, which may not be suspended or revoked without due process. *See also Pennsylvania Institutional Health Services, Inc. v. Department of Corrections,* 168 Pa.Cmwlth. 135, 649 A.2d 190, 192–193 (1994). Balfour noted the Supreme Court's statement, interpreting Section 504, that adjudicatory action may not be taken validly by a judicial or administrative tribunal "except upon a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument." *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 465, 431 A.2d 946, 948 (1981).

In its Supplemental Brief the Department asserts that the reply procedure of 67 Pa.Code § 457.13(h), under which a suspended contractor may submit information in opposition to the suspension in person, in writing or through a representative within twenty-one days of the suspension mailing date provided an "opportunity to

be heard" under Section 504. It states that this procedure enabled Balfour to request a hearing pursuant to 2 Pa.C.S. § 504 but that Balfour first must have complied with the reply procedure before it could invoke any other administrative rights. In addition, the Department asserts that the June 2, 2000 order did not constitute a final order. Rather, the order became final at the expiration of the reply period on June 26, 2000. Even if Section 504 applies, the Department cites *Department of Public Welfare v. Eisenberg*, 499 Pa. 530, 454 A.2d 513 (1982) (*Eisenberg I*) (citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)), for the proposition that due process does not require a pre-termination hearing.

As Balfour argues in its Reply Brief, however, there is an obvious flaw in the Department's argument in that a post-deprivation hearing was still required. In *Eisenberg I* the court held that a pre-termination hearing was not required where the Department of Public Welfare notified a doctor of his suspension. The Court also stated, however, that "[t]his due process right has been met by a full administrative hearing accorded to appellees before the Hearing and Appeals Unit of [the Department]." *Id.* at 537, 454 A.2d at 516. *See also id.* at 538, 454 A.2d at 517 (Roberts, J., concurring) (Section 504

"merely provides that a party subjected to [preliminary] action is entitled to reasonable notice and an opportunity to be heard on the permissibility of the action taken."). More recently, in *Squire v. Pennsylvania Department of Public Welfare*, 696 A.2d 255, 259 (Pa.Cmwlth.1997), this Court, citing *Callahan*, noted that the Administrative Agency Law "does not say that the agency should supply an aggrieved party the *opportunity to request a hearing in order to receive notice and an opportunity to be heard.*" The Court concludes that procedures providing for notice of suspension and a "reply" but never an actual hearing violate due process and 2 Pa.C.S. § 504.[4]

## VII

The Department's final Supplemental Brief argument concerns Balfour's contention that the Hearing Officer lacked authority to order dismissal. In 1 Pa.Code § 35.180(a) it is provided that a presiding officer may rule upon any motion made after commencement of a hearing and prior to the submission of the proposed report "except that no motion made before or during a hearing, a ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as part of his proposed report submitted after the

4. The first ground stated in Balfour's Application for Summary Relief is based upon the fact that 67 Pa.Code § 457.13(a) authorizes the Department to temporarily suspend or to debar a "contractor" from bidding on or participating in state supervised or funded highway construction work. Balfour's position throughout has been that the Department actually imposed the suspension in the letter of July 11, 2000. However, it avers that its prequalification lapsed on June 30. It did not have a current certificate on file, and it was not bidding on any work. Balfour asserts that the Department lacked jurisdiction to suspend it. The Department's Supplemental Brief avers that the same motion was made orally during a hearing on March 14, 2001, and the Hearing Officer denied it. The Court notes that under the plain language of Section 457.13(g) and (h) the initial letter notifies a contractor of a suspension already imposed, and, after consideration of any further investigation results and of any reply information, the Department determines whether to "continue" the suspension. In this case the Department announced that the suspension would commence on June 26, 2000, when Balfour concedes that the Department had jurisdiction.

conclusion of the hearing." Further, 1 Pa.Code § 35.187 states that presiding officers shall have the authority "(7) To dispose of procedural matters but not, before their proposed report, if any, to dispose of motions made during hearings to dismiss proceedings or other motions which involve final determinations of proceedings." This dismissal was not part of a proposed report.

▮ The Department responds that this new contention does not state a jurisdictional issue, which may be raised at any time. It notes that in *East Allegheny School Dist. v. Secretary of Education,* 145 Pa.Cmwlth. 477, 603 A.2d 713 (1992), the Court held that a claim of violation of 2 Pa.C.S. § 504 because the agency head declined to hold a hearing was not an issue going to the jurisdiction of the Court over the subject matter, and the issue was waived for failure to raise it timely. The Court agrees that the claim of procedural error in the manner in which the Department arrived at the decision from which Balfour appealed is an issue that may be waived and, as in *East Allegheny School Dist.,* it was waived here.

## VIII

There remain only certain issues raised in Balfour's main brief that have not been addressed already. Having concluded that the regulations do not provide for a procedure that complies with due process and 2 Pa.C.S. § 504, the Court finds it unnecessary to decide Balfour's assertion that the notice actually sent by the Department did not comply with the requirement of 67 Pa.Code § 457.13(g)(1) for "a concise statement of the reasons for the suspension." Similarly, where the regulations do not provide for either an explicit rule-to-show-cause procedure or for an automatic hearing, there is no need to decide what period, if any, the existing regulations specify for requesting a hearing.

In view of the preceding analyses, the Court denies the Department's second motion to quash. Further, the Court denies Balfour's Application for Summary Relief. The Court reverses the order of the Hearing Officer dismissing Balfour's appeal/request for hearing and remands the matter for further proceedings consistent with the foregoing opinion, i.e., a determination of the propriety of Balfour's suspension by the Department based upon a proceeding affording it full due process and 2 Pa.C.S. § 504 protections. The Court deems it unnecessary to require further consideration of the propriety of the first Hearing Officer's appointment; however, the Court instructs the Department to comply strictly with the law prohibiting a commingling of prosecutorial and adjudicative functions.

## ORDER

AND NOW, this 20th day of September, 2001, the Motion to Quash filed by the Department of Transportation in this matter is denied. The Application for Summary Relief filed by Balfour Beatty Construction, Inc. is denied. The Application for Relief filed by Balfour requesting leave to amend the petition for review is granted, although the Court does not deem it necessary to conduct further proceedings on remand regarding the propriety of the appointment of the original Hearing Officer. The order of the Hearing Officer dismissing Balfour's appeal and request for a hearing from the Department's action in suspending Balfour's status as a prequalified contractor is reversed, and this matter is remanded to the Department for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.