## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Glenn O. Hawbaker, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 138 M.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | Argued: May 18, 2022 |
| Department of Transportation, | : | |
| Yassmin Gramian, Individually | : | |
| and in Her Capacity as Secretary | : | |
| of Department of Transportation, | : | |
| Melissa J. Batula, P.E., Individually | : | |
| and in Her Capacity as Executive | : | |
| Deputy Secretary for the Department | : | |
| of Transportation, | : | |
| Respondents | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  January 24, 2023

Before the Court in our original jurisdiction are the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation (PennDOT), Yassmin Gramian, individually and in her capacity as the Secretary of PennDOT (Secretary), Melissa J. Batula, P.E., individually and in her capacity as the Executive Deputy Secretary for PennDOT (Deputy Secretary) (collectively, Respondents) to the amended petition for review in the nature of a complaint in equity filed by Glenn O. Hawbaker, Inc. (GOH).

# I.    BACKGROUND

In a nutshell, this case is about Respondents' attempt to suspend and later disbar GOH from the bidding process for highway construction contracts. For approximately 32 years, between 1986 and 2018, the Pennsylvania Department of Labor and Industry (L&I), the United States Department of Labor (DOL), and PennDOT investigated GOH regarding potential violations of the prevailing wage laws, but no charges or actions were ever filed or taken.  Then, in 2021, the Office of the Attorney General (OAG) filed a criminal complaint against GOH based on the following:

> [GOH] is a highway construction contractor based in State College, Centre County, Pennsylvania.  [GOH] regularly performs highway and bridge construction contracts throughout the Commonwealth for various public owners, including [PennDOT], and [GOH] has been prequalified to bid on contracts let by [PennDOT] for decades.  In June 2018, investigators from the [OAG] served a search warrant on [GOH's] offices in State College and seized a large volume of both paper and electronic files.  The warrant related to documentation demonstrating whether [GOH] complied with prevailing wage laws and, more specifically, how [GOH] calculated the credit for fringe benefits paid to its employees.
>
> Subsequently, on April 8, 2021, OAG filed a criminal complaint before a Magisterial District Judge in Centre County, charging [GOH, in its corporate capacity,] with four counts of theft by failure to make required disposition of funds received, in violation of [s]ection 3927 of the Crimes Code, 18 Pa.C.S. § 3927.[1]  Essentially, the complaint alleges that for calendar years 2015 through 2018, [GOH] withheld fringe benefit payments from its employees in violation of the [Pennsylvania Prevailing Wage Act (PWA)[1]] and the Davis-

---

[1] Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§165-1 – 165-17.

Bacon Act.[2] On April 19, 2021, just 11 days after OAG filed the criminal complaint, [PennDOT] issued a Notice of Immediate Suspension, suspending [GOH] from contracting with, bidding on or participating in the award of contracts, for Commonwealth[-] supervised or funded highway construction work.

*Glenn O. Hawbaker, Inc. v. Commonwealth of Pennsylvania, Department of Transportation et al.* (Pa. Cmwlth., No. 138 M.D. 2021, filed January 19, 2022) (McCullough, J., single-judge op.) (*Hawbaker II*), slip op. at 2-3 (footnote omitted).

GOH commenced this matter when it filed a petition for review in this Court on May 4, 2021. Thereafter, on June 30, 2021, a single judge of this Court granted a motion for a preliminary injunction filed by GOH and enjoined Respondents from enforcing the notice of suspension and from proceeding with any suspension or debarment action arising out of the criminal charges that the OAG filed against GOH based on any violation of the prevailing wage laws. *See Glenn O. Hawbaker, Inc. v. Commonwealth of Pennsylvania, Department of Transportation* (Pa. Cmwlth., No. 138 M.D. 2021, filed June 30, 2021) (McCullough, J., single-judge op.) (*Hawbaker I*).

Subsequently, GOH filed an amended petition for review (PFR) on September 23, 2021, based upon changes of material facts that occurred after *Hawbaker I.* The gist of the PFR can be summarized as follows:

[O]n August 3, 2021, [GOH] entered a corporate plea of nolo contendere to four counts of theft through a plea agreement with OAG. Pursuant to that plea agreement, [GOH] consented to pay over $20 million to the alleged victims who were purportedly underpaid and agreed to a proposed sentence of five years of probation on each count of theft, with the sentences to run concurrently. [GOH] further agreed to submit to oversight by a corporate monitor, at [GOH's] expense, to oversee its compliance with all state and federal

---

[2] 40 U.S.C. §§ 3141-3144, 3146-3147.

3

> prevailing wage laws and regulations, including the PWA and the Davis-Bacon Act. In return, OAG agreed not to bring any additional criminal charges against [GOH, in an individual capacity,] or any of its shareholders, officers, and employees for conduct occurring between January 1, 2015, through the time the plea agreement was made.

*Hawbaker II*, slip op. at 7-8.

In the PFR, GOH avers that on September 3, 2021, PennDOT initiated debarment proceedings against GOH by filing a request for an order to show cause why GOH should not be debarred for up to three years. GOH asserts seven counts, sounding in equity, which may be summarized as follows: Count I—injunctive/declaratory relief based on *Hawbaker I*; Count II—injunctive/declaratory relief to the effect that a *nolo contendere* plea cannot result in debarment; Count III—injunctive/declaratory relief to the effect that debarment based solely on a *nolo contendere* plea violates due process; Count IV—injunctive/declaratory relief to the effect that PennDOT's debarment proceedings violate Fifth and Eighth Amendment rights under the United States Constitution;[3] Count V—injunctive/declaratory relief to the effect that L&I must determine whether the PWA was violated intentionally; Count VI— injunctive/declaratory relief to the effect that PennDOT's debarment proceedings are barred by the doctrine of laches; Count VII—injunctive/declaratory relief to the effect that PennDOT's administrative proceedings would result in a commingling of prosecutorial and adjudicatory functions.

In conjunction with the PFR, GOH filed another motion for a preliminary injunction. On January 19, 2022, a single judge of this Court granted the motion and enjoined Respondents from proceeding with any debarment action arising out of the criminal charges that OAG filed against GOH or GOH's entry of a corporate *nolo contendere* plea. *See Hawbaker II*.

---

[3] U.S. Const. amend VI and VIII, respectively.

4

In the interim of *Hawbaker I* and *Hawbaker II*, and following GOH's filing of the PFR, Respondents filed eight preliminary objections (POs) to the PFR. The first PO contends that this Court lacks jurisdiction because GOH failed to exhaust administrative remedies, and the remaining seven POs demur to Counts I through VII, respectively.

## II. DISCUSSION

"When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom." *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017). "A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief." *Id.*

### PO No. 1 – Lack of Jurisdiction

In their first PO, Respondents contend that this Court lacks jurisdiction to address the issues raised in the PFR because GOH failed to exhaust all adequate and available administrative remedies, namely, the debarment proceedings through PennDOT's administrative procedure. According to Respondents, PennDOT's administrative process is the sole forum to debar a contractor even where, as here, the underlying factual basis for debarment involves, or at least implicates, violations of the PWA.

In turn, GOH contends that PennDOT's administrative procedure is not adequate, among other reasons, because PennDOT is the incorrect forum. In GOH's view, L&I possesses exclusive jurisdiction to consider whether a contractor should be suspended or debarred for alleged violations under the PWA, which only L&I can do upon a finding of an intentional violation of the PWA.

5

"While the failure to exhaust a statutory or administrative remedy normally bars this Court from hearing claims of declaratory or injunctive relief with respect to agency action, the exhaustion doctrine is neither inflexible nor absolute." *County of Berks v. Office of Open Records*, 204 A.3d 534, 540 (Pa. Cmwlth. 2019) (internal citation and quotation marks omitted). As such, the Pennsylvania Supreme Court has recognized three exceptions to the doctrine, namely, "where (i) the jurisdiction of an agency is challenged, (ii) the constitutionality of the statute is challenged or (iii) the remedy at law is inadequate." *Id.*

The issues raised by the parties were squarely addressed in *Hawbaker II*:

> [GOH] has raised a legitimate question as to whether [PennDOT] has jurisdiction to institute the debarment proceedings herein. The PWA establishes a thorough scheme for handling prevailing wage disputes, including prosecuting and penalizing violations through an administrative hearing process managed by L&I, *not* [PennDOT]. *See, e.g.*, [section 2.2 of the PWA, added by the Act of August 9, 1963, P.L. 653,] 43 P.S. §§ 165-2.2(e) (creating in L&I an Appeals Board "with the power and duty to . . . hear and determine any grievance or appeal arising out of the administration of" the PWA), [section 11 of the PWA,] 43 P.S. § 165[-]11 (giving the Secretary of L&I the duty to investigate alleged failure to pay workmen prevailing wages under the PWA and to determine, after notice and hearing, whether such failure was intentional). *See also 500 James Hance Court v. Pennsylvania Prevailing Wage Appeals Board*, 33 A.3d 555, 557 (Pa. 2011) (stating L&I "is the Commonwealth agency charged with administration and enforcement of the PWA"). [PennDOT] claims that its debarment notice arises solely from the criminal charges filed against [GOH] and its [*nolo contendere*] plea, without implicating the prevailing wage laws, and that a debarment on such grounds is specifically contemplated by [PennDOT's] prequalification regulations. Yet the criminal charges lodged against [GOH] are for theft "by failure to make required disposition of funds received," 18 Pa.C.S. § 3927(a), and the requirement to make disposition of funds here specifically stems from the PWA and the Davis-

6

Bacon Act. Both OAG's criminal complaint and [GOH's] plea agreement reinforce this fact as they refer to either the prevailing wage laws generally, or to the PWA and the Davis-Bacon Act themselves.

Moreover, [GOH] raises legitimate concerns that allowing multiple agencies to proceed against it for purported violations of the PWA could subject [GOH] to punitive, inconsistent, and unfair consequences. As [GOH] points out, the PWA only contemplates debarment of a contractor based upon a finding that the prevailing wage violation was intentional. *See* 43 P.S. §§165-11(e) and [section 12 of the PWA,] 165-12; *see also* 43 P.S. § 165-11(d) (providing that if Secretary determines the failure was not intentional, the contractor shall be afforded a reasonable opportunity to make payment). [PennDOT's] prequalification regulations do not contemplate such an inquiry. In fact, [PennDOT's] request for an order to show cause claims that simply "by entering a plea of no contest to four counts of the crime of theft, [GOH] has knowingly and intentionally established, for debarment purposes . . . its commission of the crime of theft," and that [GOH] should therefore be debarred for up to three years. This undeniable conflict also calls into question the adequacy of the administrative remedy provided by [PennDOT] through its debarment proceedings.

*Hawbaker II*, slip op. at 17-18 (some internal citations omitted).

In *Hawbaker II*, the Court recognized that the facts of this case fall within the ambit of the three exceptions to the exhaustion of remedies doctrine. Here as well, the Court concludes that it is not clear and free from doubt that PennDOT's administrative procedure is the sole and exclusive avenue for—or that PennDOT has administrative jurisdiction over—debarment proceedings. Considering the nature of the underlying facts that formed the bases for the *nolo contendere* plea and their relationship to the PWA and Davis-Bacon Act, the Court cannot be certain that [GOH]

7

has failed to state a claim as a matter of law. Accordingly, the Court overrules Respondents' first PO.[4]

## PO No. 2 – Demurrer to Count I

The second PO is Respondents' demurrer to Count I of the PFR, which seeks to enjoin the debarment action contemplated by PennDOT based upon this Court's single-judge decision in *Hawbaker I*. In response, GOH candidly concedes that Respondents' demurrer to Count I is meritorious. Indeed, in *Hawbaker I*, the Court did not recognize or create a new cause of action, and it is beyond cavil that a judicial decision is not by itself a cognizable cause of action. Accordingly, the Court sustains Respondents' second PO and dismisses Count I of the PFR with prejudice.

## PO No. 3 – Demurrer to Count II

In their third PO, Respondents demur to Count II of the PFR, which asks this Court to enjoin Respondents from proceeding with any debarment action based solely on GOH's *nolo contendere* plea. Respondents contend that the regulation at 67 Pa. Code § 457.13 authorizes it to debar a contractor based on a *nolo contendere* plea to theft. In response, GOH contends that, by its nature, a *nolo contendere* plea cannot constitute evidence that it committed a crime because, if it could, the purposes and policy goals underlying the plea would be undermined.

In pertinent part, 67 Pa. Code § 457.13 states as follows:

> (a) *Reasons for suspension or debarment*. The [PennDOT] may temporarily suspend or may debar, for a set period or

---

[4] While PennDOT relies on *KC Equities v. Department of Public Welfare*, 95 A.3d 918 (Pa. Cmwlth 2014), its reliance is misplaced as that case involved due process only with respect to the availability of discovery. *See id.* at 933. Moreover, *KC Equities* does not negate the requirement that the administrative remedy be adequate. *See Keystone Relief LLC v. Pennsylvania Department of Health*, 186 A.3d 505, 517 (Pa. Cmwlth. 2018) (citing *KC Equities* and stating: "Notwithstanding, the mere existence of a remedy does not dispose of the question of its adequacy; the administrative remedy must be adequate and complete.") (internal quotations omitted).

8

permanently, a contractor, subcontractor or individual from bidding on or participating in State supervised or funded highway construction work for any of the following reasons:

> (1) Commission of . . . theft . . . .

> . . . .

> (c) *Debarment based on criminal conduct.* Debarment solely on the basis of any of the reasons in subsection (a)(1)—(8) shall be based on a conviction or plea of guilty or no contest in a court of law . . . .

67 Pa. Code § 457.13(a)(1), (c).

The Court concludes that 67 Pa. Code § 457.13(c) clearly permits the initiation of a debarment proceeding based on a plea of "no contest" to criminal charges of theft or any of the other offenses or violations set forth in 67 Pa. Code § 457.13(a)(1)-(8). Accordingly, the Court sustains Respondents' third PO and dismisses Count II of the PFR with prejudice.[5]

### PO No. 4 – Demurrer to Count III

In their fourth PO, Respondents demur to Count III of the PFR, which asks this Court to declare unconstitutional PennDOT's prequalification regulations because they violate due process to the extent they allow debarment based solely on a *nolo contendere* plea. According to Respondents, the provisions of the prequalification regulations, the General Rules of Administrative Practice and Procedure (GRAPP),[6]

---

[5] As set forth *infra* in our discussion of Respondents' sixth PO, we dismiss Count II only on the ground that a *nolo contendere* plea may itself form the basis for a debarment proceeding. We do not decide whether, and to what extent, PennDOT (and not L&I) may initiate debarment proceedings involving underlying alleged violations of prevailing wage laws.

[6] Title 1 Pa. Code, Part II, Chapters 31-35, 1 Pa. Code §§ 31.1-35.251. "[GRAPP] appl[ies] when agencies hold a hearing, unless the agency adopted alternate procedures." *KC Equities*, 95 A.3d at 932.

9

and PennDOT's supplemental regulations at 67 Pa. Code §§ 491.1 - 491.17 will provide GOH with adequate due process.

GOH counters that Respondents' administrative procedure consists of nothing more than the introduction of the *nolo contendere* plea and will deprive it of the opportunity to exercise core due process rights, such as the right to confront and cross-examine witnesses and have a meaningful opportunity to be heard. GOH further argues that the PWA contemplates debarment of a contractor only based upon a factual finding that the prevailing wage violation was intentional, which would require proof above and beyond the *nolo contendere* plea itself and create a material issue of fact. GOH also relies on the rationale set forth in *Hawbaker I* and *Hawbaker II*.

> "Broadly speaking, the principles of due process require an opportunity, among other things, to hear the evidence adduced by the opposing party, cross-examine witnesses, introduce evidence on one's own behalf, and present argument. In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses, and this holds true even when administrative . . . actions were under scrutiny."

*C.S. v. Department of Human Services, Bureau of Hearings and Appeals*, 184 A.3d 600, 604 (Pa. Cmwlth. 2018) (internal citation and quotation marks omitted). Further, "[p]rocedural due process is a flexible concept which varies with the particular situation. Its central demands are an opportunity to be heard *at a meaningful time and in a meaningful manner*." *Sutton v. Bickell*, 220 A.3d 1027, 1032 (Pa. 2019) (internal citations and quotations omitted) (emphasis added).

GOH's due process claim was thoroughly discussed in *Hawbaker I*:

> It is indisputable that [PennDOT's] prequalification regulations do not provide for an automatic hearing regarding a suspension at *any* point, either pre- or post- deprivation. The [] [C]ourt [in *Balfour Beatty Construction, Inc. v. Department*

10

*of Transportation*, 783 A.2d 901 (Pa. Cmwlth. 2001)], stressed [PennDOT's] failure to provide contractors with an opportunity to be heard when it "concluded that the regulations do not provide for a procedure that complies with due process and Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504 . . . ." *Balfour*, 783 A.2d at 910. **It is troubling that [PennDOT] has ignored the holding and due process concerns raised in *Balfour*, failing to amend its suspension regulations to provide for a hearing in the almost 20 years that have passed since that case was decided.**

. . . .

Moreover, it is clear from the representations made to the Court and the stipulations of the parties that [PennDOT] does not intend to produce actual evidence during any hearing it would provide [GOH] regarding the Notice of Suspension.

. . . .

Regardless of the fact that [GOH] is defending itself in an administrative process rather than a criminal prosecution, the nature of the deprivation to [GOH] is significant and it has raised substantial questions pertaining to due process and the adequacy of any post-suspension hearing [PennDOT] may provide.

*Hawbaker I*, slip op. at 22, 26, 27 (emphasis added).

In *Hawbaker II*, the due process issue was addressed as follows:

[GOH] again raises significant due process concerns regarding [PennDOT's] administrative process and regulations, including whether [GOH's] entry of the *nolo contendere* plea can be used against it in a subsequent administrative proceeding and whether entry of the plea is enough, in and of itself, to establish the *commission* of the crime of theft under [PennDOT's] regulations.

*Hawbaker II*, slip op. at 19 (emphasis in original).

11

As previously mentioned, in *Balfour*, this Court concluded that PennDOT's prequalification regulations violate due process. Although GRAPP and PennDOT's supplemental regulations apply when an agency holds a hearing, that hearing must nonetheless provide GOH with the right to cross-examine witnesses, introduce evidence on its own behalf, and present argument at a meaningful time and in a meaningful manner. As explained above, there is a potential issue of fact regarding whether GOH violated the PWA intentionally that would require full implementation of the due process rights associated with an adversarial proceeding. For these reasons, and the reasons discussed in *Hawbaker I* and *Hawbaker II*, we conclude that it is not clear and free from doubt that GOH's due process claim fails as a matter of law.

Accordingly, the Court overrules Respondents' fourth PO.

### PO No. 5 – Demurrer to Count IV

In their fifth PO, Respondents demur to Count IV of the PFR, which asks the Court to declare PennDOT's initiation of debarment proceedings unconstitutional under the Fifth and Eighth Amendments to the United States Constitution. Respondents assert that GOH's debarment via an administrative proceeding does not run afoul of the double jeopardy clause of the Fifth Amendment or the excessive fines clause of the Eighth Amendment.

In response, GOH argues that if debarment is added to the punishment that it already has received as a result of its *nolo contendere* plea, it would be prosecuted twice for the same offense in violation of double jeopardy principles. GOH further argues that if it is debarred, the overall punishment would amount to an excessive fine and contravene the Eighth Amendment.

Contrary to GOH's arguments, debarment of a license or a privileged right through the administrative process does not violate the double jeopardy clause because

12

debarment serves the remedial goal of protecting the integrity of the bidding process. *See, e.g.*, *United States v. Payne*, 2 F.3d 706, 710-11 (6th Cir. 1993); *Manocchio v. Kusserow*, 961 F.2d 1539, 1542 (11th Cir. 1992); *United States v. Furlett*, 974 F.2d 839, 844 (7th Cir. 1992). Nor does debarment constitute an excessive fine for purposes of the Eighth Amendment. *See, e.g.*, *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989); *United States v. Stoller*, 78 F.3d 710, 719 (1st Cir. 1996).

Accordingly, the Court sustains Respondents' fifth PO and dismisses Count IV of the PFR with prejudice.

### PO No. 6 – Demurrer to Count V

In their sixth PO, Respondents demur to Count V of the PFR, wherein GOH alleges that PennDOT has no authority to initiate debarment proceedings because only L&I can handle debarment actions related to prevailing wage issues.

In turn, GOH reiterates that the underlying basis for the debarment proceedings and *nolo contendere* plea are violations of the PWA or Davis-Bacon Act and, accordingly, L&I's administrative regime is the sole mechanism through which its license may be debarred.

For the reasons discussed in connection with our disposition of Respondents' first PO, we conclude that it is not clear and free from doubt that PennDOT's administrative procedure is the exclusive avenue to debar GOH, and an issue of fact remains as to whether L&I may be the appropriate administrative forum.

Accordingly, the Court overrules Respondents' sixth PO.

### PO No. 7 – Demurrer to Count VI

In their seventh PO, Respondents demur to Count VI of the PFR, wherein GOH asserts that PennDOT is precluded from initiating a debarment action under the

13

doctrine of laches. Respondents contend that laches is a defense that must be asserted in the administrative proceeding, that PennDOT in any event acted without delay, and that GOH has failed to aver prejudice.

GOH contends that there was substantial delay because PennDOT and L&I have been investigating its prevailing wage practices regarding fringe benefit credits on multiple occasions over the course of three decades and failed to unearth any wrongdoing or file any charges. GOH further argues that it has been prejudiced because it relied on both professional opinions and PennDOT's and L&I's implicit approval to establish and continue its practices regarding fringe benefit credits for prevailing wage purposes.

While GOH may be correct that there appears to be a long period of apparent acquiescence to its wage practices by L&I and PennDOT, the fact remains that the OAG did file charges against GOH, to which it entered a plea of *nolo contendere*. PennDOT promptly instituted suspension proceedings and later debarment proceedings after the OAG filed the criminal charges and GOH entered a plea of *nolo contendere,* respectively. In these circumstances, GOH has not sustained any meaningful prejudice. *See Weinberg v. State Board of Examiners of Public Accountants*, 501 A.2d 239, 244-45 (Pa. 1985). Moreover, laches is a defense that must be raised at the administrative level, and it is not a viable means through which to preemptively bar an administrative proceeding via a complaint in equity. *See Commonwealth of Pennsylvania, State Board of Nurse Examiners v. Kathryn A. Kindle, R.N.*, 515 A.2d 1342, 1344 (Pa. 1986); *Smires v. O'Shell*, 126 A.3d 383, 393 (Pa. Cmwlth. 2015).

Accordingly, the Court sustains Respondents' seventh PO and dismisses Count VI of the PFR with prejudice.

14

**PO No. 8 – Demurrer to Count VII**

In their eighth PO, Respondents demur to Count VII of the PFR, wherein GOH contends that PennDOT's debarment action must be enjoined because PennDOT's administrative procedure consists of a commingling of prosecutorial and adjudicatory functions. Respondents assert that GOH's argument that PennDOT will not separate its prosecuting authority from its adjudicatory authority is presumptuous and speculative.

In rebuttal, GOH argues that it is entitled to have someone other than the Secretary or PennDOT's Chief Counsel decide the issue of debarment. In the PFR, GOH alleges that these individuals were involved in the decision to institute suspension and/or debarment proceedings and will be involved in the deliberative process. According to GOH, during an administrative hearing before PennDOT, the Secretary or her designee will be provided with a recommended "report" and, therefore, the individuals who participated in bringing the debarment action would also be the final decisionmakers tasked with determining whether GOH should be debarred.

Accepting the well-pled allegations in the PFR as true, the Court concludes that it is not clear and free from doubt that the procedure utilized by PennDOT would not result in an impermissible commingling of prosecutorial and adjudicative functions in violation of due process. *See Lyness v. State Board of Medicine*, 605 A.2d 1204, 1207-11 (Pa. 1992); *Behm v. Wilmington Area School District*, 996 A.2d 60, 64-66 (Pa. Cmwlth. 2010).

Accordingly, the Court overrules Respondents' eighth PO.

### III. CONCLUSION

For the above-stated reasons, the Court overrules Respondents' first, fourth, sixth, and eighth POs and sustains Respondents' second, third, fifth, and seventh POs. The Court accordingly will dismiss Counts I, II, IV, and VI of the PFR with prejudice.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas dissents.

Judges Covey and Wallace did not participate in the decision of this case.

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glenn O. Hawbaker, Inc., :
                 Petitioner :
  :
  v. : No. 138 M.D. 2021
  :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Yassmin Gramian, Individually :
and in Her Capacity as Secretary :
of Department of Transportation, :
Melissa J. Batula, P.E., Individually :
and in Her Capacity as Executive :
Deputy Secretary for the Department :
of Transportation, :
                 Respondents :

## ***ORDER***

AND NOW, this 24th day of January, 2023, it is ORDERED that Respondents' first, fourth, sixth, and eighth POs are OVERRULED, and Respondents' second, third, fifth, and seventh POs are SUSTAINED. Counts I, II, IV, and VI of the Amended Petition for Review (PFR) hereby are DISMISSED, with prejudice. Respondents shall file an answer to the PFR and to Counts III, V, and VII specifically within 20 days of the exiting of this order and accompanying memorandum. Respondents need not respond to Counts I, II, IV, and VI in their answer.

_____
PATRICIA A. McCULLOUGH, Judge