**Gregory MOORE, t/a Jack Rabbit Auto Tags & License Service, Petitioner**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 27, 2009.

Decided Nov. 10, 2009.

Publication Ordered Jan. 7, 2010.

Barbara A. Darkes, Harrisburg, for petitioner.

Jody L. King, Asst. Counsel, Harrisburg, for respondent.

OPINION BY Judge PELLEGRINI.

Gregory Moore (Moore), t/a Jack Rabbit Auto Tags & License Service (Jack Rabbit), petitions for review of the Commonwealth of Pennsylvania, Department of Transportation's (Department) decision terminating his agent and messenger service agreements. The Department filed a motion to quash the appeal for lack of jurisdiction. For the reasons that follow, the Department's motion to quash is denied, and the petition for review is granted.

On January 25, 2005, Jack Rabbit entered into an Agent Services Agreement and Messenger Services Agreement with the Department for an initial term of three years each. The contracts were later renewed by letter agreement of the parties. The contracts allowed Jack Rabbit to provide agent and messenger services so long as it maintained certain facility requirements, was open to the public during specified hours, operated a personal service counter, and complied with all other terms and conditions of the agreements.[1]

Previously under the Department's regulations, persons who wished to perform agent or messenger services first had to obtain a license to do so from the Department and were required to display this license on their premises.[2] The Department was required to provide an opportunity for a hearing before imposing suspensions or sanctions upon an issuing agent for violations such as committing a fraudulent act, keeping fraudulent records or fraudulently completing an application. However, Act 152 of 2002[3] amended the requirements for agent and messenger services and Section 7501 of the Vehicle Code, 75 Pa.C.S. § 7501, now states, "The department shall enter into *contracts* for messenger and agent services"[4] and "No person shall operate a messenger or agent service without a valid *contract*."[5] In addition, Section 7502.1 of the Vehicle Code, 75 Pa.C.S. § 7502.1, now states "Regula-

tions pertaining to messengers and agents regarding the amount of a bond, hearings, written warnings, suspensions, revocations or fines shall not apply to messengers and agents who enter into contracts with the department to provide messenger or agent services." Section 7503 of the Vehicle Code, 75 Pa.C.S. § 7503, which provided for an appeal from suspension of an agent's messenger services certificate, was deleted.

Department personnel and members of the Pennsylvania State Police conducted an on-site audit of Jack Rabbit's Norristown location on May 21, 2009. At the conclusion of this audit, Moore was verbally informed that his agent service agreement was being terminated and his business shut down. Moore received orders of immediate termination of Jack Rabbit's agent and messenger service agreements by correspondence mail dated June 2, 2009. These orders indicated Jack Rabbit's contracts with the Department were being terminated because it accepted a fraudulent driver's license as proof of identification in ten applications.[6]

The orders also indicated that Jack Rabbit could "request a meeting with the Department to present mitigating circumstances or factors within 5 business days of receipt of this letter." Moore contacted the Department within the specified timeframe and a meeting was held on June 17,

1. The parties have filed a stipulation of facts from which the operative facts are taken.

2. 67 Pa.Code § 43.11.

3. Act of December 9, 2002, P.L. 1278.

4. 75 Pa.C.S. § 7501(a). (Emphasis added).

5. 75 Pa.C.S. § 7501(b). (Emphasis added).

6. Paragraph 30(1) of the Agent Service Agreement and Paragraph 28(1) of the Messenger Service Agreement provide as follows:

The agent service, one of its owners, officers or employees, has committed a fraudulent act including the fraudulent keeping of records, or the fraudulent completion of an application submitted to the Department, or has failed to submit to the Department completed applications and fees and taxes due the Commonwealth in connection with the issuance of the temporary cards or plates—first offense.

2009. Present at this meeting were several Department representatives as well as Moore and his counsel. By letter dated July 15, 2009, the Department notified Moore that after considering all the evidence, it decided not to amend the orders of termination for his agent and messenger service agreements. Moore then petitioned this Court for review contending, among other things, that the Department should be directed to provide Jack Rabbit a hearing before an impartial party as required by the Pennsylvania Rules of Administrative Procedure.

The Department then filed a motion to dismiss arguing that this Court lacks jurisdiction over Jack Rabbit's appeal because termination of agent and messenger service agreements does not constitute an adjudication of any rights. Act 152 requires that persons wishing to operate an agent or messenger service must first enter into a "contract" with the Department to provide such services. It argues that because no one has a personal or property right to a contract with the Department, Jack Rabbit was not entitled to any due process protections, such as a hearing, before its agent and messenger service contracts were terminated. In addition, it argues that Act 152 eliminated the right to appeal terminations of such contracts by deleting Section 7503 of the Vehicle Code that provided for the right of appeal, divesting this court of jurisdiction over the matter.

■ As to the argument that the revocation of the "contract" cannot be appealed because contracts are not licenses, we are not constrained by what name is given to the arrangement by which a person can serve as an agent, but by the legal nature of that arrangement. To obtain an agent service agreement with the Department, an applicant must submit the following: two copies of a completed application; a description of relevant experience; photographs of the facility where services will be provided; stamp of notary to be used in providing agent services; letters of reference; a security plan; a bond; fee for a recovery fund; and a criminal background check.[7] The Department then reviews these documents to ensure they are fully completed, the facility meets the security and access requirements, an adequate bond has been obtained, and no criminal background or similar problems exist. If all of these requirements are met, the applicant will be directed to sign the agreement and he will then be authorized to provide services. There appears to be no discretion involved in the process—so long as the applicant meets the above criteria the agreement will be executed. Tellingly, upon completion of the application and signing of the agreement, the Department issues a license to the messenger or agent which must be displayed at its facility. There is no give and take, no negotiation, no offer and acceptance within the meaning of contract law. What this application process shows is that agent and messenger service agreements are truly licenses, despite the use of the term "contract" in Act 152, and any adverse action of the agency is appealable.

■ As to whether Act 152 eliminated the right to appeal terminations by deleting Section 7503 of the Vehicle Code that allowed for appeal, the Administrative Agency Law[8] provides that "Any person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the

---

7. The requirements for obtaining a messenger service agreement are the same, except the notary stamp is not required.

8. Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704.

right to appeal therefrom to the Court vested with jurisdiction of such appeals."[9] A license is a valuable privilege and may not be suspended or revoked without due process. *MEC Pennsylvania Racing v. Pennsylvania State Horse Racing Commission*, 827 A.2d 580 (Pa.Cmwlth.2003); *Balfour Beatty Construction Inc. v. Department of Transportation*, 783 A.2d 901 (Pa.Cmwlth.2001). Because the Administrative Agency Law is the default procedure for dealing with appeals, the elimination of the specific appeal contained in Section 7503 did not eliminate the right to appeal, it just placed the procedure for appeal within the Administrative Agency Law.[10]

Accordingly, we deny the Department's motion to quash Jack Rabbit's appeal.

### *ORDER*

AND NOW, this *10th* day of *November*, 2009, the Respondent Department of Transportation's motion to quash is hereby denied.

---

**9.** 2 Pa.C.S. § 702.

**10.** There is a constitutional right of appeal from all administrative or judicial determinations. Article 5, Section 9 of the Pennsylvania Constitution provides:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.