**Dale HELLER t/d/b/a**
**Dale's Auto Sales**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 24, 2011.

Decided July 20, 2011.

Reargument Denied Sept. 15, 2011.

Philip M. Bricknell, Assistant Counsel, Harrisburg, for appellant.

Philip L. Zulli, Hummelstown, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

OPINION BY Judge PELLEGRINI.

The Department of Transportation (Department), Bureau of Motor Vehicles (Bureau), filed a notice of appeal of the order of the Court of Common Pleas of Monroe County (trial court) granting Dale Heller's, t/d/b/a/ Dale's Auto Sales (Heller), motion for supersedeas and sustaining his petition for review of a decision of the Department terminating Heller's Agent Service Agreement. Because the trial court lacked jurisdiction, we vacate its order and quash the appeal to it.

The facts of this case are not in dispute. On October 28, 2004, the Department and Heller entered into an Agent Service Agreement (Agreement) giving Heller the authority to issue temporary registration cards, plates, permits and other products designated by the Department to consumers in the Commonwealth. While the Agreement expressly stated that it could be "amended at any time by letter agreement executed by both parties," (Agreement ¶ 43) neither party executed such letter agreement. However, on January 31, 2006, the Department issued a newsletter which stated, in pertinent part:

Effective January 31, 2006, the Department introduced a change to the proof of identification an agent may accept for motor vehicle titling and registration document. In addition, the address requirements were changed. Information concerning the Pennsylvania ID and Pennsylvania address requirements was provided in the Driver and Vehicle Service Update edition 06–02.

(Trial court Opinion at 2). In December 2009, the Department issued a bulletin stating, "[i]n January 2006, [Department] introduced changes to Pennsylvania address and ID requirements. These changes were put in place to secure the process to deter fraud and address concerns with non-Pennsylvania residents titling and registering vehicles in the Commonwealth." (Trial court Opinion at 2–3).

Pursuant to the Agreement, the Bureau conducted an audit of Heller's agent service operations on March 12, 2010. As a result of this audit, the Bureau determined that Heller "accepted a fraudulent or unacceptable proof of identification for . . . approximately 91 applications" for temporary registration cards, permits, plates or other products. (Reproduced Record (R.R.) at 53a). Therefore, the Department issued an "Order of Immediate Termination of Agent Service Agreement" with a mail date of June 10, 2010, immediately terminating Heller's Agreement because his actions violated Paragraph 30(1)[1] and Paragraph 33[2] of the Agreement. The

---

1. Paragraph 30(1) of the Agreement states:

[Heller] agrees that if it is determined by the Department that [Heller] or any of its employees has engaged in any of the activity described in the following listing, such activity shall be considered breach of this Agreement and operation of the agent service under this Agreement may be terminated:

(1) The agent service, one of its owners, officers or employees, has committed a fraudulent act including the fraudulent keeping of records, or the fraudulent completion of an application submitted to the Department, or has failed to submit to the Department completed applications and fees and taxes due the Commonwealth in connection with the issuance of the temporary cards or plates.
(R.R. at 39a).

2. Paragraph 33 of the Agreement states:

The Department may also terminate this Agreement at any time for good cause shown, including, but not limited to, misrepresentation or fraud in [Heller]'s application which formed the basis for this contract, or if the agent service is operated, managed, controlled or affiliated with a person who has been convicted of a felony involving dishonesty or breach of trust, who has had an agent, card agent, messenger

Department's order specifically listed 10 out of the alleged 91 violations, stating that in each case, Heller accepted a Pennsylvania driver's license from one co-applicant and either an "International Driving License" or "International Driving Document" from the second co-applicant. The order stated that this conduct constituted accepting fraudulent or unacceptable proof of identification because Heller failed to accept only a Pennsylvania driver's license or its equivalent in violation of the Department's identification policy outlined in the 2006 newsletter and 2009 bulletin. The Department's order specifically stated:

> You have a right to appeal the suspension/termination of your agent/messenger service contract under 2 Pa.C.S. §§ 501–508 (relating to general rules of administrative practice and procedure of administrative agencies); 1 Pa.Code Part II (relating to general rules of administrative practice and procedure) and 67 Pa.Code Chapter 491 (relating to administrative practice and procedure) by submitting a written request for a hearing within 30 days of the above mail date to the Administrative Docket Clerk, Office of Chief Counsel.

(R.R. at 54a). The Department's order also indicated that, pursuant to the Agreement, Heller could request a meeting with the Department within five days of receipt of the order to present mitigating factors or circumstances.[3]

Heller initially appealed the termination of the Agreement to the Department but later withdrew this administrative appeal. Heller then filed a motion for supersedeas and appeal of the Department's order with the trial court arguing, *inter alia,* that jurisdiction properly rested with the trial court pursuant to Section 1377 of the Vehicle Code, 75 Pa.C.S. § 1377; the Department's order was not valid because the Department had no legal authority to require Heller to accept only a valid Pennsylvania driver's license or its equivalent before issuing registration cards or plates; the Department was attempting to impose an administrative policy without properly following the regulatory rulemaking process pursuant to the Regulatory Review Act, 71 P.S. § 745.1, et seq.; through its identification policy, the Department was attempting to impose an immigration policy in violation of the Supremacy Clause, the Commonwealth's police powers, and the Fourteenth Amendment to the U.S. Constitution; and the Department should have been limited to presenting evidence on only the 10 cases it specifically mentioned in its order.

The trial court heard oral argument on Heller's motion for supersedeas but did not hold a hearing of any kind or take any evidence. The trial court noted that Section 1377(a) of the Vehicle Code states:

> Any person ... whose registration or authority to issue registration cards or

---

service, or on-line messenger contract terminated by the Department in the past, or who would be ineligible to be authorized to engage in providing agent services.
(R.R. at 43a).

**3.** Paragraph 32 of the Agreement states:
In determining whether to suspend service under this Agreement or terminate the Agreement pursuant to paragraphs 29, 30 or 31, the Department will consider any mitigating circumstances or factors presented by [Heller] and may take such lesser

action under the terms of those paragraphs as it may deem appropriate. Within 5 business days after the Department has suspended service or terminated this Agreement pursuant to paragraphs 29, 30 or 31, or terminated the Agreement under paragraph 33, [Heller] may request a meeting with the Department to present mitigating circumstances or factors; such meeting shall be held within 30 days of the request.
(R.R. at 43a).

plates has been denied, suspended or *otherwise sanctioned* by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). 75 Pa.C.S. § 1377(a). (Emphasis added). The trial court also noted that pursuant to Title 42, "each court of common pleas shall have jurisdiction of appeals from final orders of ... [d]eterminations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles): Section 1377 (relating to judicial review)." 42 Pa.C.S. § 933(a)(1)(ii). The trial court held that Heller's authority had been "otherwise sanctioned" by the Department because his Agreement had been terminated, and the trial court, as the appropriate Court of Common Pleas, had jurisdiction over Heller's motion for supersedeas and appeal from the final determination of the Department under Section 1377 of the Vehicle Code. The trial court issued an order on November 12, 2010, sustaining Heller's petition on the merits,[4] despite not taking any evidence, and this appeal followed.[5]

■ The Department's main argument on appeal is that the trial court incorrectly concluded that it had jurisdiction to hear Heller's appeal of the termination of the Agreement. The Department cites to this Court's opinions in *Moore*[6] and *Gutman*[7] in support of its contention that jurisdiction to hear an appeal of the termination of an agent or messenger service agreement lies with the Department through administrative hearings.

As was noted in *Moore,* the Department's regulations previously required that individuals wishing to perform agent or messenger services first had to obtain a license from the Department to do so. Act 152 of 2002, Act of December 9, 2002, P.L. 1278, amended the requirements for agent and messenger services, and Section 7501 of the Vehicle Code, 75 Pa.C.S. § 7501, now states that "[t]he department shall enter into *contracts* for messenger and agent services" and "[n]o person shall operate a messenger or agent service without a valid *contract.*" (Emphasis added). In *Moore,* it was noted that if an applicant for an agent service agreement met all of the Department's requirements, the applicant would be directed to sign the agreement and would then be authorized to provide services. 989 A.2d at 51. Because there was no discretion involved in the process, no give and take, and no negotiation, it was held that agent and messenger service agreements were truly licenses and any adverse action by the Department was appealable. *Id.*

■ In *Moore,* the Department also argued that Act 152 eliminated the right to appeal the termination of agreements by deleting Section 7503 of the Vehicle Code which provided for the right of appeal

---

4. The trial court simply adopted Heller's characterization of the violations and noted that Heller did not dispute the fact that he accepted forms of identification other than a Pennsylvania driver's license. However, throughout his brief to the trial court, Heller repeatedly stated that he was contesting these facts and contesting the alleged violations. In addition, neither party was able to present any evidence regarding the alleged violations.

5. Because we find that the trial court lacked jurisdiction to hear this matter and vacate its

order, we will not address the merits of the underlying issues.

6. *Moore, t/a Jack Rabbit Auto Tags & License Service v. Department of Transportation,* 989 A.2d 49 (Pa.Cmwlth.2010) (single Judge opinion by Pellegrini, J.).

7. *Gutman, t/d/b/a World Insurance Auto Tags v. Department of Transportation,* 16 A.3d 566 (Pa.Cmwlth.2011).

regarding termination of messenger service agreements to the courts of common pleas. According to the Department, the deletion of this section also divested this Court of jurisdiction. However, we adopt the reasoning in *Moore* that a license, such as that conferred in an agent service agreement, is a valuable privilege which may not be suspended or revoked without due process. 989 A.2d at 52. Section 702 of the Administrative Agency Law, 2 Pa. C.S. § 702, provides that "[a]ny person aggrieved by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the Court vested with jurisdiction of such appeals." Therefore, as was stated in *Moore*, "[b]ecause the Administrative Agency Law is the default procedure for dealing with appeals, the elimination of the specific appeal contained in Section 7503 did not eliminate the right to appeal, it just placed the procedure for appeal within the Administrative Agency Law." 989 A.2d at 52.

The trial court in the present case held that our ruling in *Moore* did not apply but instead relied upon Section 1377 of the Vehicle Code in support of its determination that it had original jurisdiction in this case. Section 1377 of the Vehicle Code, however, refers to Title 42 which states, "each court of common pleas shall have jurisdiction of appeals from final orders of ... [d]eterminations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles): Section 1377 (relating to judicial review)." 42 Pa.C.S. § 933(a)(1)(ii). Until the agent takes an administrative appeal and a decision is issued, there is no final order of determination from which he can appeal under Section 1377. In this case, Heller inexplicably withdrew his appeal to the Department before a hearing was even held and there was no final order to appeal.

Simply stated, jurisdiction of an appeal regarding the termination of an agent service agreement lies with the Department. Accordingly, the order of the trial court is vacated and Heller's appeal to the Court of Common Pleas of Monroe County is quashed.

### ORDER

AND NOW, this 20th day of July, 2011, the order of the Court of Common Pleas of Monroe County, dated November 12, 2010, is vacated and Heller's appeal to that Court is quashed.